GATHARD *v.* CAMPBELL, WYANT & CANNON FOUNDRY
COMPANY.

WORKMEN'S COMPENSATION—GRINDER—DERMATITIS—COMMON LABOR.
Operator of a grinder whose job caused her to come in contact
with soluble oil and dust that resulted in dermatitis *held*, not
entitled to workmen's compensation because it rendered her
an "odd lot" or "nondescript" employee, where department
of labor and industry found that notwithstanding such re-
striction as to where she could work she was not disabled in
the common-labor market and evidence supported such finding
of fact.

Appeal from Department of Labor and Industry.
Submitted January 6, 1948. (Docket No. 2, Calen-
dar No. 43,485.) Decided February 16, 1948.

Grace Gathard presented her claim for compen-
sation against Campbell, Wyant & Cannon Foundry
Company, employer, and Michigan Mutual Liability
Company, insurer, for dermatitis resulting from her
employment. Award to defendant. Plaintiff ap-
peals. Affirmed.

*Maurice Sugar* (*Benjamin Marcus* and *Jerome W.
Kelman,* of counsel), for plaintiff.

*L. J. Carey* and *Geo. J. Cooper,* for defendants.

SHARPE, J. This is an appeal from an award of the
compensation commission of the department of labor
and industry denying plaintiff compensation.

Plaintiff began employment with defendant company January 14, 1944, and was paid a weekly wage of $54.60. Prior to the above employment she had never suffered from any skin condition. Her job involved grinding tools and piston rings. In the course of her work, she came in contact with a soluble oil and steel dust. During the month of January, 1945, she developed an irritation on her arms and face. She was laid off from January 29, 1945, to February 12, 1945, during which period her rash cleared up; but when she returned to work her rash reappeared. On February 26, 1945, she left work and remained home until March 12, 1945, when she again returned to work but only for a day as the rash reappeared. She received compensation until May 21, 1945. On May 22, 1945, she returned to defendant's plant but the company doctor refused to allow her to work in the machine shop. Plaintiff has not had any dermatitis since May 22, 1945.

Plaintiff filed her claim for compensation. The commission in denying an award said:

"The work done by the plaintiff while in the defendant's employ would have to be classed as common labor or at best semiskilled work. We do not believe that up to now, at least, it can be said that even with a sensitivity to oil and metal dust that this claimant could be said to be either partially or totally disabled in the common-labor market."

Plaintiff urges that her hypersensitivity to oil and dust has so restricted her employment opportunities that she has become an "odd lot" or "nondescript" employee and entitled to compensation.

The department found that plaintiff was not disabled in the common-labor market. There is competent evidence to support such a finding of fact. She has operated a rewinding machine in a paper

mill, trimmed the framework and interior of cars, operated her own tailor shop, and worked in a dollar store and drug store. Her capacity for work at common labor is not restricted except in shops where she comes in contact with oil and dust.

The award of the department of labor and industry denying compensation is affirmed, with costs to defendants.

Bushnell, C. J., and Boyles, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.