GARVIE v OWENS-ILLINOIS INC

Docket Nos. 97224, 97511. Submitted January 5, 1988, at Lansing. Decided March 8, 1988.

Lynn A. Garvie injured his knee in October, 1977, while in the course of his employment in a bottle plant operated by Owens-Illinois, Inc. Garvie returned to the same job as he had before the injury, although he continued to be troubled by the knee and eventually had arthroscopic surgery on the knee. In September, 1980, Garvie filed a claim for disability compensation benefits, claiming a continuing disability from jobs involving twisting, turning, climbing, walking and carrying heavy objects. In August, 1981, Garvie was laid off from his employment. The referee awarded Garvie disability compensation benefits already paid through the date of his layoff, but refused to award further benefits, finding that Garvie had failed to prove that he had sustained an injury arising out of and in the course of his employment. The appeal board reversed the referee's decision and awarded continuing benefits, finding that Garvie continued to be disabled because of his 1977 knee injury. The appeal board, however, refused to compute Garvie's benefits under the formula contained in 1980 PA 357 which became effective January 1, 1982. Owens-Illinois, Inc., appealed by leave granted, challenging the appeal board's determination that Garvie was entitled to benefits. Garvie filed a separate appeal by leave granted, claiming that his benefits should be computed under the amended formula. The appeals were consolidated.

The Court of Appeals *held:*

1. Since Garvie was an unskilled worker, the question of whether he was disabled is determined by whether there is any limitation on his ability to compete in the total field of unskilled common labor. While he was able to return to his prior job and to perform the duties of that job before being laid off, he was disabled with respect to the total field of common labor

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 2, 4, 8, 34.
See also the annotations in the Index to Annotations under Workers' Compensation.

because of the restrictions his doctors placed on him with respect to excessive sitting, standing, walking or lifting.

2. It is clear that the Legislature did not intend the amended compensation formula to apply where, as here, the injury occurred prior to the effective date of that amendment.

Affirmed.

1. WORKERS' COMPENSATION — UNSKILLED LABOR — DISABILITY — BASIS FOR COMPENSATION.

An unskilled worker is disabled for the purpose of the Worker's Disability Compensation Act if there is any limitation on the ability to compete in the total field of unskilled common labor; a claimant's ability to return to the same job is not the test, rather, all the claimant need show is that there is some resultant physical or mental incapacity that prevents him from competing fully in the field of unskilled labor.

2. WORKERS' COMPENSATION — COMPUTATION OF BENEFITS — AMENDMENT OF STATUTES — LEGISLATIVE INTENT.

The provisions of 1980 PA 357 which changed the method of computation of workers' disability compensation benefits from two-thirds of the claimant's average weekly wage to eighty percent of the claimant's after-tax average weekly wage are prospective only; compensation levels for persons injured from September 1, 1965, to December 31, 1979, are to be computed pursuant to the formula prior to its amendment by 1980 PA 357 plus the weekly supplement provided in the amendatory legislation (MCL 418.351, 418.352, 418.355; MSA 17.237[351], 17.237[352], 17.237[355]).

*Sablich & Clinton, P.C.* (by *Mary F. Clinton*), for plaintiff.

*Munroe & Nobach, P.C.* (by *Cameron C. McComb*), for defendant.

Before: CYNAR, P.J., and BEASLEY and K. B. GLASER,* JJ.

PER CURIAM. The parties appeal by leave granted from a November 21, 1986, opinion and order of the Workers' Compensation Appeal Board

---

* Circuit judge, sitting on the Court of Appeals by assignment.

which granted plaintiff disability compensation benefits. Defendant appeals the award (Docket No. 97224) and plaintiff appeals the board's computation of benefits (Docket No. 97511).

Plaintiff began working for defendant on April 4, 1977, as a re-sorter and switched to selector in October, 1977. He performed various functions as selector. Plaintiff sat at a light station and pulled out defective bottles. He stood at a conveyor and pulled bottles from the line and placed them in cases. The palletizing function required plaintiff to pull bottles off the line to prevent a "bottle neck" when the machine malfunctioned. He also removed broken glass from the machine and swept debris underneath the machine into a dustpan. To do that, plaintiff climbed stairs on small conveyor overpass bridges, often fifteen times per day. The selector job also required plaintiff to remove defective bottles from the conveyor when they were pointed out by other workers. He was able to sit about ten minutes each hour on that job.

On October 23, 1977, plaintiff injured his right knee when he slipped on a piece of glass while descending stairs from a palletizer. The injury eventually required arthroscopic surgery. Plaintiff returned to work as a selector, except for two weeks in April, 1980, when he worked in shipping. In shipping, plaintiff lifted five to thirty pound boxes from a conveyor belt, turned and stacked them. The line speed varied from fifty to five hundred boxes per hour.

On September 26, 1980, plaintiff filed a claim for disability compensation benefits for his October, 1977, knee injury. He claimed continuing disability from "twisting, turning, climbing, walking and carrying heavy objects [which] caused and aggravated right knee condition." Defendant laid off plaintiff on August 7, 1981.

Following a hearing on September 17, 1981, and by order mailed January 2, 1982, a hearing referee awarded plaintiff disability compensation benefits already paid through August 7, 1981, but denied the claim for benefits after that date because "plaintiff has failed to sustain the burden of proving that he sustained an injury or occupational disease arising out of and in the course of his employment."

On appeal, the appeal board reversed the referee's determination and awarded plaintiff disability compensation benefits in the amount of $132 per week, finding that he continued to be disabled from the October, 1977, knee injury. However, the appeal board rejected plaintiff's contention that benefits had to be computed according to §§ 351 and 355 of the act, as amended by 1980 PA 357, effective January 1, 1982, MCL 418.351, 418.355; MSA 17.237(351), 17.237(355). The appeal board held that the amended provision did not apply retroactively to personal injuries sustained prior to the effective date of the amendments.

I

Defendant argues in its appeal that the award is erroneous because plaintiff is not disabled in the whole field of common labor. Defendant also claims that there is no evidence that plaintiff can no longer obtain or perform work suitable to his qualifications and training. We reject both claims.

An unskilled worker is disabled if there is any limitation on his ability to compete in the total field of unskilled common labor. *Adair v Metropolitan Building Co,* 38 Mich App 393, 401; 196 NW2d 335 (1972). The worker's ability to return to his own particular job is not the test. All that the claimant need show is that there is some resultant

physical or mental incapacity that prevents him from competing fully in the field of unskilled labor. See *Bauer v Allied Supermarkets,* 139 Mich App 369, 377-378; 362 NW2d 283 (1984).

Plaintiff met that standard of disability. Both Drs. David Shneider and James B. Wessinger testified that, although plaintiff could return to his former job as selector, restrictions on his mobility and ability to lift heavy objects would prevent him from working in certain jobs. Thus, his ability to earn wages in all fields of common labor would be affected. Since defendant did not offer plaintiff favored work, he is entitled to compensation benefits.

Defendant relies on *Gathard v Campbell, Wyant & Cannon Foundry Co,* 320 Mich 180; 30 NW2d 827 (1948), for its argument that plaintiff is not disabled in the field of common labor. In *Gathard,* the claimant's hypersensitivity to oil and dust disabled her from working in the industry. The Supreme Court held that she was not disabled in the field of common labor, because she was limited in her capacity to work only in shops where she would come into contact with oil and dust. *Gathard,* however, is inapplicable to the facts of this case because plaintiff's knee injury affects his ability to earn wages in all fields of common labor and not just in a specific industry or environment where a particular sensitivity prevents employment.

Defendant also argues that there is no evidence that plaintiff could no longer perform or obtain work suitable to his qualifications and training. Defendant argues that plaintiff admitted and the appeal board found that, but for his layoff, plaintiff would have continued performing his regular job and that neither physician placed any restrictions on plaintiff's ability to return to work.

The claim is not meritorious. Although the physicians testified that plaintiff could return to his former job, both recommended restrictions on excessive sitting or standing, walking or lifting.

II

Plaintiff argues in his appeal that §§ 351 and 355 should apply to benefits payable after January 1, 1982, just as § 354 and § 358 were held to apply in *Franks v White Pine Copper Division,* 422 Mich 636; 375 NW2d 715 (1985).

Defendant argues that the amendments are prospective only, either because they contain an express direction to that effect or because they contain no legislative indication that they were to apply other than prospectively, that is, to injuries sustained after the effective date of the amendments.

Prior to the 1980 amendment, § 351 fixed compensation benefits at two-thirds of the claimant's average weekly wage, subject to certain maximums. The 1980 amendment changed the formula to "80% of the employee's after-tax average weekly wage." MCL 418.351(1); MSA 17.237(351)(1). Under § 355 of the act, maximum weekly rates of compensation are adjusted annually based on the state average weekly wage as determined by the Michigan Employment Security Commission. MCL 418.355; MSA 17.237(355).

Legislative intent governs on the question whether or not a statute should apply prospectively or retroactively. If the statute does not state the Legislature's intention in clear and unambiguous language, interpretation is required. *Franks v White Pine Copper, supra* at 671. Statutes are presumed to operate prospectively unless the con-

trary intent is clearly manifested. *Id.* An exception to this general rule arises when the statute is remedial or procedural in nature. *Id.* at 672. Statutes which operate in furtherance of a remedy or mode of procedure are generally held to operate retroactively unless contrary legislative intent is manifested. *Id.*

The language of §§ 351 and 355 shows no manifest intention that either of the sections be given retroactive application. Therefore, they are presumed to operate prospectively. Further, § 352, added by the same act which amended § 351 and § 355, provides for supplements to weekly compensation for personal injuries incurred between September 1, 1965, and December 31, 1979. This section indicates that § 351 was not intended to be retroactive because, otherwise, persons injured before December 31, 1979, would be entitled to both eighty percent of their average weekly wage under § 351 and to supplements to weekly compensation under § 352, which obviously was not intended. Instead, it appears that the Legislature intended that persons injured before 1980 PA 357 would have their weekly compensation increased by supplements to bring them closer to the level of benefits that "newly-injured" workers now receive under the eighty percent formula of § 351.

Plaintiff argues that amended §§ 351 and 355 are remedial and should be given retroactive application. A statute is remedial if it was adopted to effect a reform which will correct an injustice in the system. *Franks, supra* at 673. However, a statute which merely enlarges existing rights is not remedial and should not be given retroactive application. *Id.* at 672. Sections 351 and 355 enlarge existing rights by granting the disabled worker greater compensation benefits. These sections are not remedial, but rather are substantive

changes in the law. Therefore, the appeal board correctly gave them prospective application.

The opinion and order of the appeal board are affirmed. No costs are allowed because both parties appealed, but did not prevail on their claims.