FINKBINER v ITT BUILDING SERVICE

Docket No. 119197. Submitted December 14, 1990, at Lansing. Decided June 3, 1991, at 9:00 A.M. Leave to appeal sought.

William H. Finkbiner sustained a work-related injury on September 4, 1974, and was paid workers' compensation benefits voluntarily until April 27, 1978. He petitioned the Bureau of Workers' Disability Compensation for continued benefits, and a hearing referee granted him an open award of weekly benefits not to exceed two-thirds of his average weekly wage from the job in which he sustained the injury. The Workers' Compensation Appeal Board affirmed. In April 1983, Finkbiner petitioned the bureau for a determination of dual employment at the time of injury and the proper rate of compensation to be paid pursuant to retroactive application of MCL 418.371(1); MSA 17.237(371)(1) and MCL 418.372; MSA 17.237(372), as amended by 1980 PA 357, effective January 1, 1982. A hearing referee dismissed the petition, and the appeal board affirmed, determining in part that the amended provisions of §§ 371 and 372 have prospective application only. Finkbiner appealed by leave granted.

The Court of Appeals *held:*

The WCAB correctly determined that the amended provisions of §§ 371 and 372 are to be given prospective application only.

Section 371(1), as amended, requires an injured worker's weekly benefits to be computed on the basis of wages earned in all jobs held on the date of injury rather than on the basis of wages earned in the job in which injury was sustained, as required before the amendment. Section 372, as amended, altered the respective liabilities of employers and the Second Injury Fund. Because the amended provisions effect substantive, rather than procedural, changes in the law, they must be given prospective application only.

Affirmed.

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 34, 408, 659.
See the Index to Annotations under Retrospective Operation and Laws; Workers' Compensation.

WORKERS' COMPENSATION — MULTIPLE EMPLOYMENT — CALCULATION
  OF WEEKLY BENEFITS.
    Amendments of the Workers' Disability Compensation Act that
    require an injured worker's weekly benefits to be computed on
    the basis of wages earned in all jobs held on the date of injury
    rather than on the basis of wages earned in the job in which
    injury was sustained, as required before amendment, and that
    altered the respective liabilities of employers and the Second
    Injury Fund have prospective application only from their Janu-
    ary 1, 1982, effective date (MCL 418.371[1], 418.372; MSA
    17.237[371][1], 17.237[372], as amended by 1980 PA 357).

*Rapaport, Pollok, Farrell & Sablich, P.C.* (by *Roger A. Rapaport* and *Steven J. Pollok*), for the plaintiff.

*Donald N. Payne, II,* for ITT Building Service and Liberty Mutual Insurance Company.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Morrison Zack,* Assistant Attorney General, for the Second Injury Fund.

Before: SHEPHERD, P.J., and GILLIS and CAVANAGH, JJ.

SHEPHERD, P.J. Plaintiff appeals by leave granted from a June 20, 1989, Workers' Compensation Appeal Board decision finding in part that §§ 371(1) and 372 of the Workers' Disability Compensation Act, effective January 1, 1982, did not apply retroactively to determine compensation for plaintiff who was injured before the amended provisions' effective date. We affirm.

Plaintiff was injured in the course of his employment on September 4, 1974, and was paid voluntary workers' compensation benefits from that date until April 27, 1978. Pursuant to a petition filed on plaintiff's behalf alleging that he had a

continuing disability, a hearing referee subsequently found that plaintiff was partially disabled as a result of the 1974 injury and awarded him an open award of weekly benefits not to exceed $67 a week, two-thirds of plaintiff's average weekly wage. This decision was affirmed by the Workers' Compensation Appeal Board in July 1981.

In April 1983, plaintiff filed another petition to determine dual employment and the proper rate of compensation to be paid pursuant to 1980 PA 357, which had been recently enacted and which amended, among other provisions of the WDCA, MCL 418.371(1); MSA 17.237(371)(1) and added MCL 418.372; MSA 17.237(372), both effective January 1, 1982. The hearing referee found that consideration of issues relating to plaintiff's weekly wage and benefit entitlement was barred by res judicata as a result of the appeal board's July 1981 decision and that the issue of dual employment was "moot if not untimely." The appeal board affirmed the hearing referee's dismissal of plaintiff's petition on the grounds of res judicata as well as a finding that because §§ 371 and 372 applied prospectively only, they did not apply to plaintiff, who was injured before they took effect. Plaintiff contends that the appeal board erred in so finding. We disagree and find that the appeal board properly deemed §§ 371 and 372 prospective in application and that that issue is dispositive of plaintiff's appeal.

It is well established in this state that legislative intent governs the question whether a statute should apply prospectively or retroactively. *Garvie v Owens-Illinois, Inc,* 167 Mich App 133, 138; 421 NW2d 602 (1988). If the statute does not state the Legislature's intention in clear and unambiguous language, interpretation is required. *Franks v White Pine Copper Division,* 422 Mich 636, 671;

375 NW2d 715 (1985). However, statutes are presumed to operate prospectively unless the contrary intent is clearly manifested. *Selk v Detroit Plastic Products,* 419 Mich 1, 9; 345 NW2d 184 (1984). The Michigan Supreme Court has recognized an exception to this general rule for statutes which are remedial or procedural in nature. See, e.g., *Franks, supra,* p 672. While the WDCA as a whole is remedial legislation, *McAvoy v H B Sherman Co,* 401 Mich 419, 457; 258 NW2d 414 (1977), this characterization is not dispositive of the issue presented here. Rather, our Supreme Court has adopted a narrower interpretation of the term "remedial," at least in the workers' compensation context, to describe legislation that is procedural in nature, i.e., one that does not affect substantive rights. *White v General Motors Corp,* 431 Mich 387, 397; 429 NW2d 576 (1988). A statute that enlarges existing rights or effects a substantive change in the law is not given retroactive application. *Id.,* pp 391-392.

Applying the foregoing principles to the provisions at issue here, we find they must be given prospective application only because they are substantive changes in the law. Before the enactment of 1980 PA 357, the weekly benefits of an injured employee holding more than one job were computed using only earnings from the job which gave rise to the injury. As amended, § 371(1) requires computation of such an employee's weekly benefits on the basis of wages earned in all jobs held on the date of injury. While § 372 does not affect the employee's rights to compensation or the amount thereof, it does alter the employers' and the Second Injury Fund's liabilities. These provisions clearly are substantive changes in the law and affect various parties' rights and obligations.

Plaintiff argues, however, that §§ 371(1) and 372

should be applied retroactively so as to remain consistent with application of provisions such as §§ 354 and 358, calling for coordination of benefits, which were also part of the 1980 legislative reform of the WDCA. Plaintiff refers us to the *Franks* decision, which found that the latter sections applied to workers injured before the provisions' effective date. Even if we accepted plaintiff's argument, we would nonetheless find that §§ 371(1) and 372 apply only prospectively. In response to *Franks,* the Legislature enacted 1987 PA 28, which states that it was the Legislature's intent to prohibit coordination of benefits for injuries occurring before the effective dates of §§ 354 and 358, and that the *Franks* decision was "erroneously rendered insofar as it interprets" § 354. In other words, the Legislature intended §§ 354 and 358 to apply only to employees injured after the effective dates of those provisions. Consequently, applying plaintiff's reasoning, we would perforce find that §§ 371 and 372 should likewise apply only to workers injured after January 1, 1982. See also *White, supra,* holding that § 373(1), also enacted as part of 1980 PA 357, applies prospectively to those employees injured on or after January 1, 1982, the amendment's effective date, because it affects substantive rights. Indeed, to conclude the contrary would result in the reopening of all cases, no matter how old, in which employees held more than one job at the time they were injured. We do not believe the Legislature intended such a result.

In sum, we find that the appeal board correctly determined that §§ 371 and 372 did not apply to plaintiff, who was injured before those provisions' effective dates. Having so found, we need not address plaintiff's remaining contention.

Affirmed.