WERTZ v WESTERN GOLF & COUNTRY CLUB

Docket Nos. 135759, 136170. Submitted October 13, 1992, at Lansing. Decided February 2, 1993, at 9:15 A.M.

Etta M. Wertz worked part-time as a waitress for Mark of Excellence Catering and full-time for Western Golf & Country Club. On December 30, 1981, she injured her back and knee when she slipped on ice in Western's parking lot. She was not able to return to work for either employer until June 1982, and was paid workers' compensation benefits by Western.

On June 2, 1983, while working at Western, she experienced pain, after which she did not return to work for Western. The pain also caused her to discontinue work for Mark of Excellence on June 19, 1983. A hearing referee found that she had sustained compensable injuries on December 30, 1981, during the course of her employment with Western, that when she returned to work after June 1982, her work for Western, more so than her work for Mark of Excellence, significantly aggravated her underlying condition, and that she had been rendered disabled from her work at Mark of Excellence on June 19, 1983. Applying the dual employment provision of the Workers' Disability Compensation Act, MCL 418.372; MSA 17.237(372), the referee found that Western was liable for sixty-six percent of the benefits and the Second Injury Fund the remainder.

The plaintiff, Western, and the Second Injury Fund appealed. The Workers' Compensation Appeal Board significantly modified the referee's decision, finding that the plaintiff sustained a personal injury on December 30, 1981; that her work for Western after that date led to her disability from June 2, 1983; that she had sustained a separate injury on June 19, 1983, at Mark of Excellence; that § 372 did not apply; and that, because she sustained separate, disabling injuries at each job, she was entitled to benefits from each employer. Western and Mark of Excellence were ordered to pay compensation on the basis of their proportionate liabilities, and the Second Injury Fund was

REFERENCES

Am Jur 2d, Workers' Compensation § 230.
See ALR Index under Workers' Compensation.

relieved of liability. Western and its workers' compensation insurer, Firemen's Fund Insurance Company, and Mark of Excellence and its workers' compensation insurer, Employers Insurance of Wausau, appealed by leave granted. The appeals were consolidated.

The Court of Appeals *held:*

The Workers' Compensation Appeal Board erred. The injury the plaintiff suffered on December 30, 1981, while in Western's employ, eventually caused her to be disabled from both jobs. The evidence does not support the board's findings that she suffered a separate injury at Mark of Excellence on June 19, 1983, that her work at Mark of Excellence made an independent contribution to her eventual disability, or that she suffered two separate injuries. Section 372 applies in this case. Although the plaintiff was employed only by Mark of Excellence on June 19, 1983, that fact does not preclude application of § 372. Section 372 does not require the cessation of employment at both jobs at the same time.

Reversed.

WORKERS' COMPENSATION — DUAL EMPLOYMENT PROVISION — DISABILITY FROM MULTIPLE EMPLOYMENT.

The dual employment provision of the Workers' Disability Compensation Act applies to an award of workers' compensation benefits where an employee who has two separate employers suffers a *single* injury while *working for one employer* and the injury causes the employee to become disabled from employment with both employers; cessation of employment at both jobs at the same time is not required for application of the provision (MCL 418.372; MSA 17.237[372]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Morrison Zack,* Assistant Attorney General, for the Second Injury Fund.

*Sachs, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Granner S. Ries*), for the plaintiff.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for Western Golf & Country Club and Firemen's Fund Insurance Company.

*Law Offices of Marvin H. Gadd* (by *Michael J. Barney*), for Mark of Excellence Catering and Employers Insurance of Wausau.

Before: MURPHY, P.J., and GRIBBS and FITZGERALD, JJ.

PER CURIAM. In these consolidated appeals defendants Western Golf & Country Club and its workers' compensation insurer, Firemen's Fund Insurance Company, and Mark of Excellence Catering and its workers' compensation insurer, Employers Insurance of Wausau, appeal by leave granted a decision of the Workers' Compensation Appeal Board significantly modifying a decision of the hearing referee and ordering them to pay benefits to plaintiff Etta Wertz. We reverse the decision of the WCAB.

Plaintiff began working for Mark of Excellence in 1979 as a waitress. She carried heavy trays and did a great deal of standing and walking. In March 1980, plaintiff began working for Western as a waitress. She worked part-time for Mark of Excellence and full-time for Western.

On December 30, 1981, plaintiff injured her back and right knee when she slipped on ice in Western's parking lot. She was off work from both jobs until June 1982. She received workers' compensation benefits from Western.

Plaintiff returned to work at both jobs in June 1982. She stated that she continued to have pain and that she could not stand on her right leg for prolonged periods. Western closed during January, February, and one-half of March each year. During this period, plaintiff continued to work for Mark of Excellence.

On June 2, 1983, plaintiff reported to work at Western. She picked up a tray and felt severe pain

in her neck. Plaintiff left early, and did not return to work for Western. She attempted to continue working for Mark of Excellence; however, on June 19, 1983, she could no longer work because of pain in her back and legs. Plaintiff sought workers' compensation benefits. Her amended petition named both Western and Mark of Excellence as defendants and alleged injury dates of December 30, 1981, June 6, 1983, and June 19, 1983.

In a decision mailed on March 24, 1986, the hearing referee found that plaintiff sustained compensable injuries to her back and right leg on December 30, 1981, during the course of her employment for Western. The hearing referee found that when plaintiff returned to work after June 1982, her work for Western, more so than her work for Mark of Excellence, significantly aggravated her underlying condition, thereby rendering her disabled from her work at Western on June 2, 1983, and from her work at Mark of Excellence on June 19, 1983. Applying MCL 418.372; MSA 17.237(372), the dual employment provision, the hearing referee found that Western was liable for sixty-six percent of the benefits to which plaintiff was entitled, and that the Second Injury Fund (Dual Employment Provisions) was liable for the remainder of the benefits.

Plaintiff, Western, and the Second Injury Fund appealed, and, in a decision entered on June 29, 1990, the WCAB significantly modified the decision of the hearing referee. The WCAB found that plaintiff sustained a personal injury on December 30, 1981, and that her work for Western after that date aggravated her underlying condition in a significant manner and led to her disability from June 2, 1983. The WCAB also found that plaintiff sustained a separate injury on June 19, 1983, at Mark of Excellence. The WCAB found that § 372 did

not apply to this case because that provision applied when one of two concurrent employers could be held liable for benefits. The WCAB applied *Hairston v Firestone Tire & Rubber Co*, 404 Mich 104; 273 NW2d 400 (1978), in which the plaintiff sustained two separate injuries, one with each employer. Each injury disabled the plaintiff from the job on which the injury occurred. In the instant case, the WCAB found that because plaintiff sustained separate, disabling injuries in each job, she was entitled to benefits from each employer. Western and Mark of Excellence were ordered to pay compensation based on their proportionate liabilities. The Second Injury Fund was relieved of liability. Western, Mark of Excellence, and their workers' compensation insurers appealed.

On appeal, both Western and Mark of Excellence argue that the WCAB applied an incorrect rule of law. Western contends that because the WCAB found that plaintiff sustained a disabling injury on June 19, 1983, Mark of Excellence should be solely responsible for the benefits. *Dressler v Grand Rapids Die Casting Corp*, 402 Mich 243, 251-254; 262 NW2d 629 (1978). Mark of Excellence asserts that competent evidence showed that plaintiff suffered one single specific-event injury, the fall on December 30, 1981. That injury eventually disabled her from both jobs. Therefore, it argues, § 372 applies in this case, and Western and the Second Injury Fund are liable for the benefits. Plaintiff argues that the evidence showed that she sustained an injury in both employments; therefore, the WCAB properly applied *Hairston, supra,* and awarded her benefits from both employers.

Section 372 reads, in part:

(1) If an employee was engaged in more than 1 employment at the time of a personal injury or a

personal injury resulting in death, the employer in whose employment the injury or injury resulting in death occurred is liable for all the injured employee's medical, rehabilitation, and burial benefits. Weekly benefits shall be apportioned as follows:

(a) If the employment which caused the personal injury or death provided more than 80% of the injured employee's average weekly wages at the time of the personal injury or death, the insurer or self-insurer is liable for all of the weekly benefits.

(b) If the employment which caused the personal injury or death provided 80% or less of the employee's average weekly wage at the time of the personal injury or death, the insurer or self-insurer is liable for that portion of the employee's weekly benefits as bears the same ratio to his or her total weekly benefits as the average weekly wage from the employment which caused the personal injury or death bears to his or her total weekly wages. The second injury fund is separately but dependently liable for the remainder of the weekly benefits. The insurer or self-insurer has the obligation to pay the employee or the employee's dependents at the full rate of compensation. The second injury fund shall reimburse the insurer or self-insurer quarterly for the second injury fund's portion of the benefits due the employee or the employee's dependents. [MCL 418.372; MSA 17.237(372).]

The WCAB found that this provision did not apply in this case because plaintiff sustained two separate injuries on two separate dates. The WCAB found that *Hairston, supra,* applied and that plaintiff was entitled to benefits from both employers.

The WCAB erred in applying *Hairston, supra,* to this case. It is undisputed that the injury plaintiff suffered on December 30, 1981, while in Western's employ, caused her to miss time from both jobs. She was eventually disabled from both jobs. No competent evidence supported the WCAB's finding

that plaintiff suffered a separate injury at Mark of Excellence on June 19, 1983. The WCAB noted that plaintiff's expert witness, Dr. Edward Loniewski, a board-certified orthopedic surgeon, opined that plaintiff's work as a waitress would have aggravated her underlying condition. However, the WCAB noted that the hypothetical question presented to the doctor described plaintiff's work at Mark of Excellence as being heavier than her work at Western. The WCAB found that plaintiff's own testimony established that this was not the case. In addition, at another point the WCAB noted that Dr. Loniewski testified that when plaintiff worked more than four hours her symptoms reappeared. The WCAB stated that on the basis of this testimony, it appeared that plaintiff's work for Mark of Excellence did not aggravate her underlying condition in a significant manner. Although plaintiff continued to work at Mark of Excellence after she stopped working at Western, no evidence supports a finding that her work at Mark of Excellence in and of itself made her quit that employment. Although a contribution to a prior injury is considered an independent injury, *Dressler, supra,* no evidence supported a finding that plaintiff's work at Mark of Excellence made an independent contribution to her eventual disability. Findings of fact by the WCAB may be set aside if they are not supported by any competent evidence in the record. MCL 418.861; MSA 17.237(861).

This case is distinguishable from *Hairston, supra.* In that case, the plaintiff, who held two full-time jobs, suffered two separate injuries on two different dates. Each injury rendered him disabled from the job on which it occurred. Here, the evidence showed that plaintiff suffered only one injury. That injury eventually led to her becoming disabled from both jobs. Because competent evi-

dence did not support a finding that plaintiff suffered two separate injuries, the WCAB erred in applying *Hairston, supra,* to this case. Section 372 applies under circumstances such as these. Although plaintiff was employed only by Mark of Excellence on June 19, 1983, that fact does not preclude the application of § 372 to this case. Nothing in § 372 requires the cessation of employment at both jobs at the same time.

The WCAB's decision is reversed.