WERTZ v WESTERN GOLF & COUNTRY CLUB (ON REHEARING)

Docket Nos. 135759, 136170. Submitted October 13, 1992, at Lansing. Decided February 2, 1993, at 9:15 A.M. Submitted on rehearing April 5, 1993. Decided on rehearing July 20, 1993, at 9:05 A.M.

Etta M. Wertz sought workers' compensation for an injury she sustained during the course of her employment as a waitress with Western Golf & Country Club. A hearing referee found that Wertz' condition was aggravated more by her subsequent work for Western than by her subsequent work for Mark of Excellence Catering, where she held a second, similar job. Eventually, she became disabled from both jobs. The referee, applying the dual employment provision of the Workers' Disability Compensation Act, MCL 418.372; MSA 17.237(372), found Western liable for sixty-six percent of Wertz' benefits and the Second Injury Fund the remainder. The Workers' Compensation Appeal Board modified the referee's decision, finding that Wertz had sustained separate injuries during the course of her employment with Western and Mark of Excellence, that § 372 did not apply, and that the Second Injury Fund was relieved of liability. The WCAB ordered Western and Mark of Excellence to pay compensation based on their proportionate liabilities. Western and its workers' compensation insurer, Firemen's Fund Insurance Company, and Mark of Excellence and its workers' compensation insurer, Employers Insurance of Wausau, appealed by leave granted. The appeals were consolidated. The Court of Appeals, MURPHY, P.J., and GRIBBS and FITZGERALD, JJ., reversed the decision of the WCAB, finding that the evidence showed that Wertz sustained only one injury, during the course of her employment with Western, and that the injury eventually disabled her from both jobs. The Court also determined that § 372 applied in this case. As a result, liability was placed on Western and the Second Injury Fund instead of on Western and Mark of Excellence. Following revision of the opinion released by the Court of Appeals, the revised opinion was published. 198 Mich App 189 (1993). The Court of Appeals subsequently granted motions for rehearing brought by Wertz and the Second Injury Fund.

On rehearing, the Court of Appeals *held:*

The plaintiff sustained an initial injury on December 30,

1981, while in Western's employ. Her subsequent work for Western, and Western only, resulted in a disability date of June 2, 1983. Because § 372 has prospective effect from January 1, 1982, § 372 was applied properly in this case. Liability for the plaintiff's benefits rests with Western and the Second Injury Fund. The plaintiff is entitled to an enforceable order specifying the amount of benefits to which she is entitled and defining the liability of Western and the Second Injury Fund. The action must be remanded to the Workers' Compensation Appellate Commission, the successor of the WCAB, for entry of an order applying the law as found by the Court of Appeals and specifying the benefits to which the plaintiff is entitled.

Reversed and remanded.

*Sachs, Waldman, O'Hare, Helveston, Hodges & Barnes, P.C.* (by *Granner S. Ries*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Morrison Zack,* Assistant Attorney General, for the Second Injury Fund.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for Western Golf & Country Club and Firemen's Fund Insurance Company.

*Law Offices of Marvin H. Gadd* (by *Michael J. Barney*), for Mark of Excellence Catering and Employers Insurance of Wausau.

ON REHEARING

Before: MURPHY, P.J., and GRIBBS and FITZGERALD, JJ.

PER CURIAM. Plaintiff and the Second Injury Fund sought and were granted rehearing of this Court's opinion per curiam in *Wertz v Western Golf & Country Club,* 198 Mich App 189; 497 NW2d 567 (1993). We now clarify and expand that opinion.

In this case, a hearing referee found that plaintiff sustained an injury during the course of her employment as a waitress for Western Golf & Country Club. The referee found that plaintiff's condition was aggravated more by her subsequent work for Western than by her subsequent work for Mark of Excellence Catering, where plaintiff held a second, similar job. Plaintiff was ultimately disabled from both jobs. Applying MCL 418.372; MSA 17.237(372), the dual employment provision, the referee found that Western was liable for sixty-six percent of the benefits to which plaintiff was entitled, and that the Second Injury Fund was liable for the remainder of the benefits.

The Workers' Compensation Appeal Board modified the referee's decision. The WCAB found that plaintiff had sustained an injury during the course of her employment with Western, and had sustained a separate injury during the course of her employment with Mark of Excellence. The WCAB found that § 372 did not apply in this case because that provision applies when one of two concurrent employers can be held liable for benefits. The WCAB applied *Hairston v Firestone Tire & Rubber Co,* 404 Mich 104; 273 NW2d 400 (1978). In that case, the plaintiff sustained separate injuries, one at each employer. Each injury disabled the plaintiff from the job on which it occurred. The plaintiff was found to be entitled to benefits from both employers. In the instant case, the WCAB ordered Western and Mark of Excellence to pay compensation based on their proportionate liabilities. The Second Injury Fund was relieved of liability.

In *Wertz, supra,* we reversed the decision of the WCAB. This Court found that the evidence showed that plaintiff sustained only one injury, during the course of her employment for Western, and that that injury eventually disabled plaintiff from both

jobs. We concluded that § 372 applied in this case, and that this case was distinguishable from *Hairston, supra.*

Originally, the last three lines of this Court's opinion read as follows: "The WCAB's decision is reversed and the hearing referee's application of § 372 and decision is reinstated. Reversed."

Subsequently, this Court, on its own motion, revised its published opinion. The last sentence of the first paragraph, which originally read "We reverse and reinstate the hearing referee's decision," was stricken and in its place was substituted the line "We reverse the decision of the WCAB." The last three lines of the opinion, quoted above, were stricken and in their place was substituted the line "The WCAB's decision is reversed."

In its motion for rehearing, the Second Injury Fund argues that this Court erred in holding that § 372 was applicable because that statute became effective January 1, 1982, and has been held to have prospective application only. *Finkbiner v ITT Building Service,* 189 Mich App 560; 474 NW2d 148 (1991). The Second Injury Fund asserts that because this Court found that plaintiff's only injury date was December 30, 1981, § 372 could not be applied in this case.

Plaintiff moved for rehearing of this Court's revised opinion. This Court's decision did not have the effect of denying plaintiff benefits; rather, it had the effect of placing liability on Western and the Second Injury Fund instead of on Western and Mark of Excellence. The hearing referee's decision had the same effect as that of this Court. Plaintiff argues that this Court erred in entering the order revising its original opinion, which omitted the reinstatement of the referee's decision, because the omission leaves the rights and responsibilities of the parties undefined.

As noted, the WCAB found that plaintiff sustained two injuries on two dates, June 2 and June 19, 1983, the last days on which she worked for Western and Mark of Excellence, respectively. A fair reading of the WCAB's opinion indicates that the WCAB did not find a sole injury date of December 30, 1981. In this case, the evidence supports a finding that plaintiff sustained an initial injury on December 30, 1981, and that her subsequent work for Western, and Western only, resulted in a disability date of June 2, 1983. Because plaintiff sustained an injury on December 30, 1981, but returned to her regular duties, her date of disability should be considered to be June 2, 1983. That was the last day on which she was subjected to the conditions that resulted in disability. MCL 418.301(1); MSA 27.237(301)(1). Although § 372 did not become effective until January 1, 1982, and has been interpreted as having prospective effect only, *Finkbiner, supra,* because plaintiff's date of injury and disability was June 2, 1983, § 372 was properly applied in this case. As stated in this Court's original opinion, liability for benefits due plaintiff rests with Western and the Second Injury Fund.

This Court's original opinion, as revised, leaves the parties' rights and responsibilities undefined. Plaintiff is entitled to an enforceable order specifying the amount of benefits to which she is entitled and defining the liability of Western and the Second Injury Fund. This case is remanded to the Workers' Compensation Appellate Commission, the successor of the WCAB, for entry of an order consistent with the instant opinion. The WCAC's function is limited to entry of an order applying the law as found by this Court and specifying the benefits to which plaintiff is entitled.

The WCAB's decision is reversed, and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.