KRUEGER v DEPARTMENT OF TREASURY

Docket No. 302246. Submitted January 10, 2012, at Lansing. Decided May 29, 2012, at 9:00 a.m. Leave to appeal denied, 493 Mich 917.

Robert A. and Phyllis G. Krueger sought tax refunds from the Department of Treasury in 2003 for the years 1994 through 1997 after having amended their federal tax returns in 2001 pursuant to *Gitlitz v Internal Revenue Comm'r*, 531 US 206 (2001), which entitled them to claim an additional loss from their corporation's discharge of indebtedness. The department initially denied petitioners' claim for refunds on the ground that the claims had been filed outside the four-year limitations period set forth in MCL 205.27a(2). After an informal hearing, a hearing referee recommended that petitioners' claims be denied, and the department accepted the recommendation, ruling that petitioners' federal claim had not tolled the limitations period and that petitioners had failed to file their amended state returns within 120 days of being granted a federal refund pursuant to MCL 206.325(2). On appeal, the Tax Tribunal granted petitioners' motion for summary disposition, and the department appealed.

The Court of Appeals *held*:

1. MCL 205.27a(2) prohibits a taxpayer from claiming a refund of any amount paid to the department more than four years after the date set for filing the original return. However, MCL 205.27a(3)(a) suspends the running of this four-year limitations period while a final determination of tax is pending and for one year after that. MCL 205.27a(2) and MCL 205.27a(3) are not alternative provisions; they apply consecutively if a taxpayer pursues a final determination of tax liability. Under this analysis, petitioners had until December 6, 2003, to file their amended state returns with respect to the 1997 tax year, which made their filing on February 4, 2003, timely. With respect to the earlier tax years, the 1997 losses could be carried back to tax years 1994, 1995, and 1996 under the carry-back provisions of MCL 206.30(1) because the limitations period was open for 1997.

2. Petitioners' claim was not barred by MCL 206.325(2), which requires a taxpayer to file an amended return with the department showing any final alteration in or modification of the taxpayer's

federal income tax return that affects the taxpayer's taxable income under part 1 of the Income Tax Act, MCL 206.1 through MCL 206.532, within 120 days of the alteration or modification. Interpreting MCL 206.325(2) as a filing requirement (with potential penalties for late filing) rather than a separate and superseding statute of limitations renders it harmonious with MCL 205.27a(2), which provides no limitation except the four-year limitations period.

Affirmed.

1. TAXATION — CLAIMS FOR TAX REFUNDS — STATUTES OF LIMITATIONS — FINAL DETERMINATIONS OF TAX.

MCL 205.27a(2) prohibits a taxpayer from claiming a refund of any amount paid to the Department of Treasury more than four years after the date set for filing the original return; MCL 205.27a(3)(a) suspends the running of this four-year limitations period while a final determination of tax is pending and for one year after that; MCL 205.27a(2) and MCL 205.27a(3) apply consecutively if a taxpayer pursues a final determination of tax liability.

2. TAXATION — AMENDMENTS OF TAX RETURNS — ALTERATIONS OR MODIFICATIONS OF FEDERAL TAX RETURNS — 120-DAY FILING REQUIREMENT.

MCL 206.325(2) requires a taxpayer to file an amended return with the Department of Treasury showing any final alteration in or modification of the taxpayer's federal income tax return that affects the taxpayer's taxable income under part 1 of the Income Tax Act, MCL 206.1 through MCL 206.532, within 120 days of the alteration or modification; the 120-day filing requirement is not a separate statute of limitations that supersedes the four-year limitations period set forth in MCL 205.27a(2).

*Couzens, Lansky, Fealk, Ellis, Roeder & Lazar, P.C.* (by *Eric J. Gould* and *David A. Lawrence*), for petitioners.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Heidi L. Johnson-Mehney*, Assistant Attorney General, for respondent.

Before: SAWYER, P.J., and WHITBECK and M. J. KELLY, JJ.

PER CURIAM. Respondent appeals a decision of the Tax Tribunal in favor of petitioners regarding their claim for a tax refund. We affirm.

This dispute arises out of the United States Supreme Court's decision in *Gitlitz v Internal Revenue Comm'r*, 531 US 206; 121 S Ct 701; 148 L Ed 2d 613 (2001). Pursuant to the holding in *Gitlitz*, petitioners were entitled to claim an additional loss from the discharge of indebtedness by their S corporation. On August 14, 2001, petitioners filed federal claims for a refund, and on November 5, 2001, the Internal Revenue Service notified petitioners that the claims had been accepted, that their accounts for tax years 1994 through 1997 were changed, and that petitioners were entitled to a federal refund.

On February 3, 2003, petitioners filed amended state returns for tax years 1994 through 1997. On January 23, 2006, respondent issued notices denying petitioners refunds on the grounds that the amended claims had been filed outside the applicable period of limitations. Petitioners requested and were granted an informal conference with respondent, which was held on August 22, 2007. Following the conference, respondent's hearing referee recommended that petitioners' claims be denied, concluding that the period of limitations had been suspended by the federal claims but that the suspension period ended one year after November 5, 2001, and that petitioners' amended state claims were therefore untimely. On January 25, 2008, respondent accepted the referee's recommendation on other grounds, ruling that petitioners' federal claim did not toll the applicable period of limitations and that petitioners had failed to file their amended state returns within 120 days of being granted a federal refund as mandated by law.

Petitioners appealed in the Tax Tribunal. The tribunal ruled that petitioners' federal claim suspended the period of limitations while a final determination of petitioners' tax liability was pending and for a period of one year thereafter. Accordingly, petitioners' state claims were not untimely. The tribunal also concluded that the 120-day rule cited in respondent's decision and order of determination was merely a filing requirement, not a statute of limitations, and therefore did not override petitioners' right to a timely filed claim for a refund.

Turning first to whether petitioners' claim for a refund was timely filed under MCL 205.27a(2), this Court has previously addressed that issue in *Fegert v Dep't of Treasury*, unpublished opinion per curiam of the Court of Appeals, issued December 19, 2006 (Docket No. 270236). *Fegert* involved a nearly identical situation arising out of the *Gitlitz* decision and the filing of amended federal and state tax returns, with only minor differences in the relevant dates. We are persuaded by the analysis in the *Fegert* decision and adopt it as our own. *Fegert*, unpub op at 2-3, opined as follows:

> Petitioners argue that the [Tax Tribunal] misinterpreted the tolling provisions in MCL 205.27a. Resolution of this issue requires application of the undisputed facts to the relevant provisions of MCL 205.27a. Consequently, our review is de novo. *Cruz v State Farm Mut Ins Co.*, 466 Mich 588, 594; 648 NW2d 591 (2002). In addition, we review de novo the grant or a denial of a motion for summary disposition. *Spiek v Dept of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998).
>
> MCL 205.27a(2) provides in relevant part:
>
> "The taxpayer shall not claim a refund of any amount paid to the department after the expiration of 4 years after the date set for the filing of the original return."
>
> However, this four year limitations period may be "suspended" or tolled. MCL 205.27a(3)(a) provides:

"(3) The running of the statute of limitations is suspended for the following:

"(a) The period pending a final determination of tax, including audit, conference, hearing, and litigation of liability for federal income tax or a tax administered by the department and for 1 year after that period."

Petitioners contend that the [Tax Tribunal], in determining the time periods for timely filing petitioners' claim for a refund, improperly interpreted these two provisions. We agree. The primary goal of statutory construction is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). "Each word of a statute is presumed to be used for a purpose, and, as far as possible, effect must be given to every clause and sentence." *Robinson v Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000). If the statutory language is clear and unambiguous, the court must apply the statute as written, and judicial construction is neither necessary nor permitted. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). Although in general, a court will defer to the interpretation of statutes by the [Tax Tribunal] that the [tribunal] is delegated to administer, *Wexford Medical Group v City of Cadillac*, 474 Mich 192, 221; 713 NW2d 734 (2006), when the language is clear, there is no need for interpretation and the statute must be applied as written.[1]

Petitioners filed their tax return on October 15, 1998. Accordingly, MCL 205.27a(2) permitted them to file a claim for a tax refund until October 15, 2002. However, MCL 205.27a(3)(a) provides that this four-year limitation period

---

[1] We note that after the *Fegert* decision, the Michigan Supreme Court clarified that the standard is not to give deference to the agency's interpretation of a statute, but to give it " 'respectful consideration' " and that there should be " 'cogent reasons' " for overruling an agency's interpretation. *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 103; 754 NW2d 259 (2008), quoting *Boyer-Campbell Co v Fry*, 271 Mich 282, 296; 260 NW 165 (1935). But this difference did not affect the *Fegert* decision because it did not follow the Tax Tribunal's interpretation.

is suspended "pending a final determination of tax" and "for one year after that period."

During the four-year limitation period, from October 15, 1998, to October 15, 2002, petitioners filed a claim for a refund of their federal taxes on August 12, 2001. On the date of filing, 1,031 days of the 1,461 days of the four-year limitation period had run. The IRS granted the refund 57 days later on October 8, 2001. The four year limitations period was suspended during those 57 days, as well as "for 1 year after that period," until October 8, 2002. MCL 205.27a(3)(a). The limitation period then ran for the 430-day balance of the 1,461-day limitation period, ending on December 12, 2003. Thus, pursuant to the plain language of the statute, petitioners' claim for a state refund was timely filed on March 20, 2003.

[The Tax Tribunal's] interpretation in its summary disposition order violates the plain language of the statute. In essence, the [Tax Tribunal] inserts an "or" between subsections (2) and (3) [of MCL 205.27a]. However, subsection[s] (2) and (3) are not alternative provisions; they are consecutive provisions if a taxpayer pursues a final determination of tax liability. Further, the [Tax Tribunal] inserts the phrase "whichever is later" to determine which provision to apply. As written, subsection (3) simply suspends the four-year limitation period pending a final determination of tax liability and for an additional year thereafter.

Under the *Fegert* analysis, petitioners in this case had until December 6, 2003, to file their amended state returns with respect to the 1997 tax year. The filing on February 3, 2003, was within this time frame and, therefore, timely. With respect to the earlier tax years, the tribunal concluded that, in light of the carry-back provisions of MCL 206.30(1), the losses in 1997 could be carried back to tax years 1994, 1995, and 1996, provided that the limitations period is open for 1997, which it is. Respondent does not challenge this aspect of the tribunal's ruling.

Respondent does, however, raise an issue not addressed in *Fegert*. Respondent argues that petitioners' claim is barred by MCL 206.325(2), which currently[2] reads as follows:

> A taxpayer shall file an amended return with the department showing any final alteration in, or modification of, the taxpayer's federal income tax return that affects the taxpayer's taxable income under this part and of any similarly related recomputation of tax or determination of deficiency under the internal revenue code. If an increase in taxable income results from a federal audit that increases the taxpayer's federal income tax by less than $500.00, the requirement under this subsection to file an amended return does not apply but the department may assess an increase in tax resulting from the audit. *The amended return shall be filed within 120 days after the final alteration, modification, recomputation, or determination of deficiency.* If the [Department of Treasury] finds upon all the facts that an additional tax under this part is owing, the taxpayer shall immediately pay the additional tax. If the department finds that the taxpayer has overpaid the tax imposed by this act, a credit or refund of the overpayment shall immediately be made as provided in section 30 of 1941 PA 122, MCL 205.30. [Emphasis added.]

Under respondent's interpretation of this provision, failure to file an amended return within 120 days results in the loss of a right of claim, whether or not the applicable limitations period remains open. This interpretation is at clear odds with MCL 205.27a(2), which provides no limitation except the four-year limitations period in cases of this sort. As the Tax Tribunal concluded, a more harmonious interpretation of MCL 206.325(2) is to view it as a mere filing requirement and not as a separate and superseding statute of limitations as respondent asserts. When MCL 206.325(2) is read

---

[2] The changes made to this provision by 2011 PA 38, which took effect on January 1, 2012, do not affect our analysis.

this way, petitioners may be subject to a penalty for failure to file their amended return in a timely fashion, but petitioners' claim itself is not barred as untimely.

Affirmed. Petitioners may tax costs.

SAWYER, P.J., and WHITBECK and M. J. KELLY, JJ., concurred.