# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

ALTICOR, INC.,

      Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

      Defendant-Appellee.

FOR PUBLICATION
May 22, 2018
9:05 a.m.

No. 337404
Court of Claims
LC No. 17-000011-MT

---

ACCESS BUSINESS GROUP, LLC,

      Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

      Defendant-Appellee.

No. 337406
Court of Claims
LC No. 17-000012-MT

---

OLD ORCHARD BRANDS, LLC,

      Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

      Defendant-Appellee.

No. 337463
Court of Claims
LC No. 16-000114-MT

---

Before: MURPHY, P.J., and JANSEN and SHAPIRO, JJ.

MURPHY, P.J.

Defendant, Department of Treasury (the Department), was conducting audits in the three tax cases involving plaintiffs when the Legislature enacted and the Governor signed 2014 PA 3, which was made effective February 6, 2014, and which allowed for a minimal extension of the four-year limitations period for a deficiency assessment if a Department audit was commenced

-1-

after September 30, 2014. However, 2014 PA 3 was silent regarding Department audits commenced on or before September 30, 2014, such as plaintiffs' audits, although the statutory law in place when the audits were initiated had provided for the suspension or tolling of the four-year limitations period when an audit was performed.[1] There is no dispute that if the audits conducted in these cases tolled the limitations period, the deficiency assessments issued by the Department against plaintiffs were timely, and, given the dates the audits were commenced, no party is maintaining that the audits resulted in extensions of the limitations period under the new law. Plaintiffs contend that because 2014 PA 3 did not contain a savings clause tied to the old law with respect to audits commenced on or before September 30, 2014, the audits did not toll the limitations period because the tolling language had been repealed by 2014 PA 3. And, therefore, the four-year limitations period applied absent any adjustment whatsoever for the audits, rendering all of the deficiency assessments untimely. The Department argues that because the audits had already been commenced before the 2014 change in the law and were ongoing when 2014 PA 3 became effective, as well as on September 30, 2014, those audits remained subject to the previous law allowing for the tolling of the limitations period. The Court of Claims agreed with the Department, summarily dismissing all three tax challenges in which plaintiffs maintained that the deficiency assessments were time-barred. Plaintiffs appeal as of right, and we hold that the audits continued to toll the limitations period after 2014 PA 3 took effect. Accordingly, we affirm the rulings by the Court of Claims.

We review de novo a trial court's ruling on a motion for summary disposition, as well as issues of statutory construction. *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 251-252; 901 NW2d 534 (2017). With respect to principles of statutory interpretation, the *Kemp* Court observed:

> When interpreting statutes, our goal is to give effect to the Legislature's intent, focusing first on the statute's plain language. In so doing, we examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme. When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. [*Id.* at 252 (citations and quotation marks omitted).]

Before the Legislature enacted 2014 PA 3, MCL 205.27a provided, in pertinent part, as follows:

> (2) A deficiency, interest, or penalty shall not be assessed after the expiration of 4 years after the date set for the filing of the required return or after the date the return was filed, whichever is later. . . . .

---

[1] Although the Legislature employed the word "suspended" in former MCL 205.27a(3) relative to the running of the statute of limitations, we shall speak in terms of "tolling" the limitations period, given that the terms are effectively interchangeable in the context of the statute. However, as explained later in this opinion, an "extension" of the limitations period is not the same as suspending or tolling the period.

(3) The running of the statute of limitations is suspended for the following:

(a) The period pending a final determination of tax, including audit, conference, hearing, and litigation of liability for federal income tax or a tax administered by the department and for 1 year after that period.

(b) The period for which the taxpayer and the state treasurer have consented to in writing that the period be extended.

Under former MCL 205.27a(3)(a), the four-year period of limitations for the Department to assess a deficiency was tolled during the pendency of an audit, plus an additional year following the conclusion of the audit. See *Krueger v Dep't of Treasury*, 296 Mich App 656, 660-661; 822 NW2d 267 (2012). Thus, as an overly simplified example, if a Department audit was initiated in April 2003 regarding an April 2000 state tax return and the audit was not completed until April 2007, resulting in a tolling period of five years (four year of audit, plus one year thereafter) or until April 2008, the Department would have until April 2009 to assess a deficiency (one year remained on four-year limitations period when tolling began). See *id.*

With the enactment of 2014 PA 3, which was made effective February 6, 2014, MCL 205.27a now provides, in relevant part:

(2) A deficiency, interest, or penalty shall not be assessed after the expiration of 4 years after the date set for the filing of the required return or after the date the return was filed, whichever is later. . . . .

(3) The statute of limitations shall be extended for the following if the period exceeds that described in subsection (2):

(a) The period pending a final determination of tax through audit, conference, hearing, and litigation of liability for federal income tax and for 1 year after that period.

(b) The period for which the taxpayer and the state treasurer have consented to in writing that the period be extended.

(c) The period described in section 21(6) and (7) or pending the completion of an appeal of a final assessment.

As reflected in a comparison of former subsection (3) of MCL 205.27a to its current version, the general four-year limitations period, which remained unchanged, is now subject to certain *extensions*, not *tolling*, as had been the case. Furthermore, the reference to taxes administered by the Department that had been found in former subsection (3)(a) was deleted by 2014 PA 3, with subsection (3)(a) in its present form referring only to federal income tax proceedings. However, relevant to the instant cases, the current version of subsection (3)(c) of MCL 205.27a provides for an extension of the four-year limitations period for, in part, the period described in MCL 205.21(6) and (7), which were also enacted as part of 2014 PA 3 and provided as follows:

(6) For *audits* commenced after September 30, 2014, the department must complete fieldwork and provide a written preliminary audit determination for any tax period no later than 1 year after the period provided for in section 27a(2) without regard to the extension provided for in section 27a(3).[2] The limitation described in this subsection does not apply to any tax period in which the department and the taxpayer agreed in writing to extend the statute of limitations described in section 27a(2).

(7) For *audits* commenced after September 30, 2014, unless otherwise agreed to by the department and the taxpayer, the final assessment issued under subsection (2)(f) must be issued within 9 months of the date that the department provided the taxpayer with a written preliminary audit determination unless the taxpayer, for any reason, requests reconsideration of the preliminary audit determination or the taxpayer requests an informal conference under subsection (2)(c). A request for reconsideration by a taxpayer permits, but does not require, the department to delay the issuance of a final assessment under subsection (2)(f). [Emphasis added.][3]

Thus, with respect to audits commenced by the Department after September 30, 2014, any written preliminary audit determination must generally be completed no later than five years after the date that a tax return had to be filed or the actual filing date of the return, and any deficiency assessment must generally be issued within nine months from when the Department provided the taxpayer with the audit determination.[4] Accordingly, the timeframe for the Department to act in conducting an audit and assessing a deficiency was greatly curtailed by the enactment of 2014 PA 3. Our hypothetical alluded to earlier as to tolling the limitations period under former MCL 205.27a, wherein a deficiency assessment would be timely nine years after the state tax return was filed, would produce a different result were a mere extension under 2014 PA 3 applied – the deficiency assessment in year nine would plainly be time-barred.

In regard to the three plaintiffs, there were ongoing audits when 2014 PA 3 became effective and on September 30, 2014; the audits were not commenced after September 30, 2014. However, deficiency assessments were not issued until long after 2014 PA 3 took effect. The

---

[2] This latter reference clearly pertains to the extension described in MCL 205.27a(3)(a) that is based on federal income tax proceedings, such as an IRS audit.

[3] MCL 205.21(7) subsequently underwent some minor modifications pursuant to 2017 PA 215 that are not pertinent to these appeals; MCL 205.21(6) remains unchanged, see 2014 PA 35 and 2017 PA 215.

[4] As can be seen by examining the current language regarding extensions based on federal income tax proceedings, including an IRS audit, MCL 205.27a(3)(a), those extensions are not limited like MCL 205.21(6), allowing for consideration of, for example, the full length of a federal audit, plus one year, even if not completed within five years.

parties all agree that 2014 PA 3 was solely prospective.[5] Plaintiffs' position is that because the deficiency assessments were not issued until after 2014 PA 3 became effective, the amended version of the statutes control. And because the amendments incorporating MCL 205.21(6) and (7) in MCL 205.27a(3)(c) only concerned Department audits commenced after September 30, 2014, and were silent regarding earlier or ongoing audits, the expired four-year limitations period governed, *absent any extension or tolling whatsoever.* Plaintiffs posit that the absence of a pertinent savings clause in 2014 PA 3, i.e., a provision that specifically retained the tolling component of former MCL 205.27a(3) in regard to audits commenced on or before September 30, 2014, demonstrated a legislative intent to have a straightforward, unalterable application of the four-year period of limitations regardless of such audits.

The Department contends that tax-related proceedings were already pending when 2014 PA 3 became effective, with audits fully underway; therefore, prospective application of the amended version of MCL 205.27a would not inure to the three tax disputes, leaving the audits subject to the former version of the statute and the tolling of the limitations period.[6] The Court of Claims agreed with the Department and granted summary disposition in favor of the Department with respect to all three plaintiffs.

Ultimately, the crux of the tax dispute concerns the treatment of audits that were ongoing on September 30, 2014, and whether those audits tolled, extended, or, as according to plaintiffs, had no effect on the running of the four-year limitations period. It is clear that extensions of the limitations period do not apply in these cases, given that extensions are only applicable for Department audits commenced after September 30, 2014. MCL 205.27a(3)(c); MCL 205.21(6). Thus, the question is narrowed to whether there was tolling, which answer requires a determination of the import of the Legislature's silence in 2014 PA 3 with respect to audits commenced on or before September 30, 2014. Did the silence reflect a legislative intent to continue to allow for the application of tolling to the four-year limitations period where an audit had been commenced on or before September 30, 2014, or did the silence reveal a legislative intent to do away with tolling altogether, even in regard to earlier or ongoing audits.[7]

---

[5] We also note that "there exists a plethora of cases extending over 100 years of jurisprudence that provide that statutes of limitations enacted by the Legislature are to be applied prospectively absent a clear and unequivocal manifestation of a legislative preference for retroactive application." *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 160-161; 725 NW2d 56 (2006).

[6] We note that the Department argues that plaintiffs are effectively asking for retroactive application of 2014 PA 3, but this is not an accurate characterization of plaintiffs' position. Retroactive application would entail applying the new audit extension provision to the limitations period; however, as indicated, plaintiffs contend that the four-year limitations period controls without any deviation for tolling or extension.

[7] We note that because the dispute is necessarily couched in terms of audits commenced by the Department and whether the Department is entitled to the benefit of tolling in relationship to the audits and assessing tax deficiencies, we see no reason to address principles regarding due process or vested rights.

Plaintiffs argue that by operation of law through the amendment process the tolling provision found in former MCL 205.27a(3)(a) was repealed by 2014 PA 3, and absent a specific savings clause in 2014 PA 3 that would allow for tolling relative to audits commenced on or before September 30, 2014, which was not included, there could be no tolling. Stated otherwise, plaintiffs' stance concerning the Legislature's silence in 2014 PA 3 with respect to earlier or ongoing audits is that the silence effectively discontinued tolling in all cases. In support of their position, plaintiffs cite *Lahti v Fosterling*, 357 Mich 578; 99 NW2d 490 (1959), and *People v Lowell*, 250 Mich 349; 230 NW 202 (1930). In *Lahti*, 357 Mich at 587-588, our Supreme Court, quoting *Lowell*, 250 Mich at 354-356, explained:

> An amendatory act has a repealing force, by the mechanics of legislation, different from that of an independent statute. Repugnancy is not the essential element of implied repeal of specifically amended sections. The rule is: Where a section of a statute is amended, the original ceases to exist, and the section as amended supersedes it and becomes a part of the statute for all intents and purposes as if the amendments had always been there.

> [T]he old section is deemed stricken from the law, and the provisions carried over have their force from the new act, not from the former.

> It is plain from the authorities in this state and elsewhere that the effect of an act amending a specific section of a former act, in the absence of a saving clause, is to strike the former section from the law, obliterate it entirely, and substitute the new section in its place. This effect is not an arbitrary rule adopted by the courts. It is the natural and logical effect of an amendment to read as follows. It accomplishes precisely what the words import. Any other construction would do violence to the plain language of the Legislature. [Citations and quotation marks omitted.]

We do not find *Lowell* or *Lahti* to be particularly helpful. Under 2014 PA 3, it is quite clear that the Legislature was intent on repealing the tolling provision applicable to Department audits, with the goal of striking and obliterating it entirely and substituting a limited "extension" provision in its place. However, it is equally as clear that the Legislature was proceeding in such a manner only in regard to particular audits, i.e., audits commenced after September 30, 2014. The Legislature's decision in 2014 PA 3 to allow for audit-based extensions of the four-year limitations period was prospective only, expressly so, applying even later than the February 2014 date that 2014 PA 3 generally took effect. It absolutely cannot be ascertained from reading 2014 PA 3 that the Legislature was instantly repealing all tolling connected to Department audits, but only that it was *eventually* repealing or disallowing all tolling. Indeed, the necessary corollary of providing for extensions of the limitations period with respect to audits commenced by the Department after September 30, 2014, is that audits commenced on or before September 30, 2014, would remain subject to tolling.

In *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 162-163; 725 NW2d 56 (2006), this Court observed that "[t]he principle that statutes of limitations are to be applied prospectively parallels an accompanying well-accepted principle that the pertinent statute of limitations is the one in effect when the plaintiff's cause of action arose." (Quotation marks and alteration omitted.) Although we are not addressing a direct change in the four-year limitations

period, we are confronted with an audit tolling provision that impacted and altered the length of the limitations period and a change in that tolling language to now provide solely for extensions of the limitations period. Effectively, 2014 PA 3 established a change in the statute of limitations in regard to deficiency assessments entailing underlying audits. And while we are not concerned with a cause of action, an appropriate analogy in the context of these cases is that the law shaping and affecting the length of the limitations period is the law in effect when audits were commenced.[8] "The Legislature is presumed to be familiar with the rules of statutory construction and, when promulgating new laws, to be aware of the consequences of its use or omission of statutory language, and to have considered the effect of new laws on all existing laws[.]" *In re MKK*, 286 Mich App 546, 556; 781 NW2d 132 (2009) (citations omitted). Considering the presumption that the Legislature was familiar with the rules of statutory construction when enacting 2014 PA 3 and that a well-accepted principle is that the controlling limitations period is the one in effect at the pertinent point in time, we conclude that the legislative silence regarding cases involving audits commenced on or before September 30, 2014, simply reflected an intent to allow tolling in those cases consistent with former MCL 205.27a(3)(a).

Moreover, in our view, it would defy logic to conclude that the Legislature intended to provide for no tolling or extension of the limitations period in regard to audits commenced on or before September 30, 2014, given that former and current MCL 205.27a(3) plainly reflect a legislative mindset that an audit should potentially have some type of effect on the running of the statute of limitations, allowing for a greater period than four years to assess a deficiency. And the Legislature did not express that pending or earlier audits no longer allowed for tolling, nor did the Legislature indicate that the four-year limitations period inflexibly applied regardless of pending or earlier audits. Reversal is unwarranted. In sum, we affirm the rulings of the Court of Claims that granted summary disposition in favor of the Department in all three tax cases.

Affirmed. Having fully prevailed on appeal, the Department is awarded taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Kathleen Jansen
/s/ Douglas B. Shapiro

---

[8] We note that in *Davis*, 272 Mich App at 163, the Court applied the principle, even though the panel was "not speaking directly of a cause of action, but of petitioner's right to nonduty disability retirement benefits under the applicable statutes."