*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KOJAIAN MANAGEMENT CORPORATION
AND AFFILIATES,

Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

Defendant-Appellee.

UNPUBLISHED
December 17, 2019

No. 344697
Court of Claims
LC No. 17-000104-MT

Before: REDFORD, P.J., and JANSEN and LETICA, JJ.

JANSEN, J. (*dissenting*).

I respectfully dissent.

First, I agree with the Court of Claims' determination that the Department of Treasury's assessments were timely, and not barred by the statute of limitation. The Court of Claims correctly concluded that under this Court's decision in *Alticor, Inc v Dep't of Treasury*, 324 Mich App 403, 411-414; 921 NW2d 748 (2018), any audit commenced by the Department of Treasury before September 30, 2014, tolls the four-year statute of limitations for the pendency of the audit, plus one year thereafter in accordance with MCL 205.27a(3)(a), as amended by 2014 PA 3. Therefore, the Department of Treasury's assessments in this case are not time-barred.

Second, I disagree with the majority's conclusion that the Court of Claims erred in determining that plaintiff, Kojaian Management Corporation and its affiliates (Kojaian), was not entitled to the claimed investment tax credit (ITC) for tax years 2008 through 2011. The language of MCL 208.1403(3) requires plaintiff to have "paid or accrued" costs relating to a tangible asset to be entitled to an ITC. Here, plaintiff did not acquire any new tangible assets, nor did it make improvements to any qualifying tangible assets. Rather, plaintiff adjusted, or "stepped up," its basis in a tangible asset it already owned. The Court of Claims correctly concluded that, "the incoming partner acquired a partnership interest and, instead of acquiring an asset that is the subject of the IRC § 754 election, [the incoming partner] is merely adjusting the basis of an asset." Where plaintiff obtained partnership interests in partnerships that had elections under IRC § 754, it properly "stepped up," or adjusted, its basis in the assets that it

obtained. The adjustment was based on the difference between the value that the Lehman Brothers received for the transfer of assets and the Lehman Brother's capital account value.

In my view, plaintiff merely adjusted its accounting in an already existing tangible asset; it did not pay for or accrue costs relating to tangible assets. As the Department of Treasury explained in its brief on appeal,

> The purpose behind the Investment Tax Credit was to incentivize economic development in Michigan by allowing taxpayers to reduce their Michigan tax liability based on a percentage of the amounts expended during the tax year to acquire tangible assets for use in Michigan. In that instance, Michigan's economy would benefit from the product created by the asset and the taxpayer would benefit from a reduced Michigan tax liability.

Accordingly, I do not believe that the ITC found in MCL 208.1403(3) was designed by our Legislature to address the type of accounting adjustment that occurred here, and therefore plaintiff was not entitled to an ITC for tax years 2008 through 2011. I would affirm.


/s/ Kathleen Jansen