DAVIS v STATE EMPLOYEES' RETIREMENT BOARD

Docket No. 259559. Submitted July 12, 2006, at Detroit. Decided August 24, 2006, at 9:10 a.m.

Leonard Davis applied for nonduty disability retirement benefits pursuant to MCL 38.24, and the State Employees' Retirement Board denied his application on the basis of amended statutory language that required applications to be filed within one year of termination from state employment. The Wayne Circuit Court, Isidore B. Torres, J., reversed the denial of Davis's application, and the respondent appealed by leave granted.

The Court of Appeals *held*:

Because the one-year application deadline for nonduty disability retirement benefits set forth in MCL 38.24, as amended, operates in a manner comparable to a statute of limitations, and because statutes of limitations operate prospectively only unless the legislation clearly manifests a contrary intent, which the amendment to MCL 38.24 does not, the amendment does not apply retroactively.

Affirmed.

STATUTES — STATUTORY AMENDMENTS — PROSPECTIVE APPLICATION.

The one-year application deadline for nonduty disability retirement benefits set forth in MCL 38.24, as amended by 2002 PA 93, does not apply retroactively.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Larry F. Brya*, Assistant Attorney General, for the respondent.

Before: JANSEN, P.J., and MURPHY and FORT HOOD, JJ.

MURPHY, J. Respondent appeals by leave granted the circuit court's order reversing its denial of petitioner's application for nonduty disability retirement benefits

under MCL 38.24. Respondent had denied the application for benefits on the basis of amended statutory language requiring the filing of an application within one year of termination from state employment, which requirement the petitioner had not satisfied. The circuit court, however, found that the amendment was prospective only and not applicable to petitioner. We conclude that the amendment of MCL 38.24 in 2002, pursuant to 2002 PA 93, applies prospectively only. Because the one-year application deadline set forth in MCL 38.24, as amended, operates in a manner comparable to a statute of limitations, and because statutes of limitations enacted by the Legislature operate prospectively only unless the legislation clearly manifests an intent to the contrary, which is not the case with MCL 38.24, the amended statute should not be applied retroactively. We also find support for our position, outside the context of the statute of limitations analogy, in *Pohutski v City of Allen Park*, 465 Mich 675; 641 NW2d 219 (2002), and *Tarnow v R Express Agency*, 331 Mich 558; 50 NW2d 318 (1951). Accordingly, the circuit court properly reversed respondent's denial of petitioner's application for nonduty disability retirement benefits relative to the issue of failure to comply with the one-year application deadline. We affirm.

This Court reviews a circuit court's ruling on an administrative appeal to determine whether the circuit court " 'applied the correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings.' " *Hinky Dinky Supermarket, Inc v Dep't of Community Health*, 261 Mich App 604, 605; 683 NW2d 759 (2004), quoting *Boyd v Civil Service Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996). We review the circuit court's legal conclusions de novo and the court's findings of fact for clear error. *Hinky Dinky, supra* at 605. Questions re-

garding statutory construction and whether a statute or amended statute should be applied retroactively or prospectively only are reviewed de novo. *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 583; 624 NW2d 180 (2001); *Bloomfield Charter Twp v Oakland Co Clerk*, 253 Mich App 1, 9-10; 654 NW2d 610 (2002).

It is important to recognize the time line of events that occurred in this action as viewed in relation to MCL 38.24 and the amendment of the statute. Petitioner, a state employee for approximately 25 years, was terminated from state employment in October 2000, after earlier going on medical leave in the fall of 1997. At the time of the termination, MCL 38.24 provided:

> Subject to the provisions of sections 33 and 34, upon application of a member [of the state employee retirement system], or his department head, or the state personnel director, a member who has been a state employee at least 10 years becomes totally and permanently incapacitated for duty as the result of causes occurring not in the performance of duty to the state, may be retired by the retirement board: Provided, The medical advisor after a medical examination of such member, shall certify that such member is mentally or physically incapacitated for the further performance of duty, and such incapacity is likely to be permanent and that such member should be retired.

This language does not contain any time limits or deadlines within which a state employee or member must submit the application for benefits; petitioner was not precluded from applying for benefits more than one year after his termination. And without consideration of the amendment, petitioner's application in August 2002 would have been deemed timely. The 2002 amendment of the statute, made effective March 27, 2002, incorporated a one-year deadline, requiring the filing of an application for benefits no later than one year from

the date of a member's termination from state employment. An applicant can also seek benefits within two years from the date of termination where there exists good cause for the delay in not filing within the first year following termination. Specifically, MCL 38.24 now provides:

> (1) Except as may otherwise be provided in sections 33 and 34, a member who becomes totally incapacitated for duty because of a personal injury or disease that is not the natural and proximate result of the member's performance of duty may be retired if all of the following apply:
>
> (a) The member, the member's personal representative or guardian, the member's department head, or the state personnel director files an application on behalf of the member with the retirement board no later than 1 year after termination of the member's state employment.
>
> (b) A medical advisor conducts a medical examination of the member and certifies in writing that the member is mentally or physically totally incapacitated for further performance of duty, that the incapacitation is likely to be permanent, and that the member should be retired.
>
> (c) The member has been a state employee for at least 10 years.
>
> (2) Upon appeal to the retirement board, the retirement board, for good cause, may accept an application for a disability retirement allowance not later than 2 years after termination of the member's state employment.

At the time the amendment of MCL 38.24 became effective, March 27, 2002, more than one year had elapsed since petitioner's termination; therefore, even had petitioner filed an application the day the legislation became effective, he still would have failed to comply with the one-year deadline relative to applications. Compliance by petitioner with the amended statute on or after its effective date was impossible. As indicated above, petitioner actually filed an application

in August 2002, outside the one-year application deadline, but within the two-year alternative period, necessitating the establishment of good cause, assuming application of the amended statute.

The change from a nonexistent deadline to apply for benefits to a one-year deadline following termination is analogous to the Legislature enacting a statute of limitations where one did not previously exist with regard to a cause of action, or where one did exist but was of longer duration than the amended version. Just as failure to file an application within one year of termination now precludes a state employee from recovering benefits, the failure by a plaintiff to commence a lawsuit within the applicable limitations period also precludes recovery. Through use of this sound analogy, we find that the amendment of MCL 38.24 cannot be made retroactive. We begin with the general principles that guide the analysis in determining whether a statute or amended statute should be applied retroactively or prospectively only.

Statutes and statutory amendments are presumed to operate prospectively. *Pohutski, supra* at 698; *Selk v Detroit Plastic Products*, 419 Mich 1, 9; 345 NW2d 184 (1984); *Brooks v Mammo*, 254 Mich App 486, 493; 657 NW2d 793 (2002); *Tobin v Providence Hosp*, 244 Mich App 626, 661; 624 NW2d 548 (2001); *Thompson v Merritt*, 192 Mich App 412, 417; 481 NW2d 735 (1991). Indeed, statutes and amended statutes are to be applied prospectively unless the Legislature manifests an intent to the contrary. *Selk, supra* at 9; *Schumacher v Dep't of Natural Resources*, 256 Mich App 103, 108-109; 663 NW2d 921 (2003); *Rossow v Brentwood Farms Dev, Inc*, 251 Mich App 652, 662; 651 NW2d 458 (2002); *Tobin, supra* at 661. The Legislature's expression of an intent to have a statute apply retroactively must be

clear, direct, and unequivocal as appears from the context of the statute itself. *Chesapeake & Ohio R Co v Pub Service Comm*, 382 Mich 8, 23; 167 NW2d 438 (1969) (ADAMS, J.); *Briggs v Campbell, Wyant & Cannon Foundry Co*, 379 Mich 160, 164-165; 150 NW2d 752 (1967); *In re Davis' Estate*, 330 Mich 647, 651-652; 48 NW2d 151 (1951); *Rossow, supra* at 662; *Olkowski v Aetna Cas & Surety Co*, 53 Mich App 497, 503; 220 NW2d 97 (1974), aff'd 393 Mich 758.[1] The rule that legislative intent governs the determination regarding statutory retroactivity controls the analysis, and " '[a]ll other rules of construction and operation are subservient to this principle.' " *Lynch, supra* at 583, quoting *Franks v White Pine Copper Div*, 422 Mich 636, 670; 375 NW2d 715 (1985). Our Supreme Court in *Lynch, id.* at 583-584, stated:

> We agree with defendants that there is nothing in the language of the [statute] suggesting a legislative intent that this statute be applied retroactively. . . . Most instructive is the fact that the Legislature included no express language regarding retroactivity. See, e.g., *Chesapeake & Ohio R Co v Public Service Comm*, 382 Mich 8, 22-23; 167 NW2d 438 (1969) (ADAMS, J.). We note that the Legislature has shown on several occasions that it knows how to make clear its intention that a statute apply retroactively. See, e.g., MCL 141.1157; MSA 5.3188(257) ("This act shall be applied retroactively . . ."); MCL 324.21301a; MSA 13A.21301a ("The changes in liability that are provided for in the amendatory act that added this subsection shall be given retroactive application"). [Parenthetical omission in original.]

The fact that a statute relates to antecedent events —here, for example, employment history—does not require a finding that the statute operates retroactively.

---

[1] The Legislature's intent to apply an amended statute retroactively can be express or implied. *Thompson, supra* at 417.

*In re Certified Questions (Karl v Bryant Air Condition-ing Co)*, 416 Mich 558, 570-571; 331 NW2d 456 (1982); *Selk, supra* at 9.

A careful review of the latest version of MCL 38.24 reflects no language whatsoever, much less clear, direct, and unequivocal language, suggesting that the amended statute, including the one-year deadline provision, is to be applied retroactively to members whose state employment had been terminated before the effective date of the amended statute, let alone employees who ceased employment more than one year before the effective date. In fact, to the contrary, the express language of the amended statute suggests that it applies only to members who become incapacitated after the effective date. MCL 38.24(1) provides, in part, that "a member *who becomes* totally incapacitated for duty because of a personal injury or disease that is not the natural and proximate result of the member's performance of duty may be retired . . . ." (Emphasis added.) The statute then sets forth the one-year deadline requirement for such a member. Given the use of the language "who becomes," which is strictly in the future tense, as opposed to or coordinated with the use of "who was," "who is," or "who became," and taking into consideration the statute's effective date of March 27, 2002, the only logical conclusion is that the Legislature specifically intended the amendment to apply only to situations in which total incapacitation based on nonduty injuries or diseases first arose on or after March 27, 2002. Only those members whose incapacitation arose after the effective date of the amendment would need to comply with the one-year deadline in order to receive benefits under a plain reading of the statute. Petitioner's alleged incapacitation occurred before the amendment.[2]

---

[2] Even if one were to reject our conclusion that the amended statute contains language suggesting that only prospective application was

A statute may not be applied retroactively if it abrogates or impairs vested rights, creates new obligations, or attaches new disabilities concerning transactions or considerations occurring in the past. *Doe v Dep't of Corrections (On Remand)*, 249 Mich App 49, 61; 641 NW2d 269 (2001).[3] The amendment of the statute here certainly created a new obligation, i.e., a member must apply for benefits within one year of termination, and it must be observed that the presumption against statutory retroactivity is not restricted to actions involving vested rights. *Landgraf v USI Film Products*, 511 US 244, 275 n 29; 114 S Ct 1483; 128 L Ed 2d 229 (1994).

There is an exception to the general rule that newly enacted statutes are presumed to apply prospectively, which exception provides that no such presumption exists where the statute is remedial or procedural in nature, as long as it does not deny vested rights. *Brooks, supra* at 493; *Aztec Air Service, Inc v Dep't of Treasury*, 253 Mich App 227, 233; 654 NW2d 925 (2002).[4] "A

intended, it does not defeat the overriding premise of our analysis that the Legislature did not manifest an intent that the statute apply retroactively.

[3] Due process concerns play a role when considering whether a statute should be applied retroactively. "The Due Process Clause . . . protects the interests in fair notice and repose that may be compromised by retroactive legislation; a justification sufficient to validate a statute's prospective application under the Clause 'may not suffice' to warrant its retroactive application." *Landgraf v USI Film Products*, 511 US 244, 266; 114 S Ct 1483; 128 L Ed 2d 229 (1994) (citation omitted).

[4] It is not necessary for purposes of our analysis to determine whether petitioner had "vested" rights under the law. The issue whether statutory rights equate to vested rights is somewhat muddled under Michigan law. On one hand, our Supreme Court has stated that statutory rights, although valuable, do not constitute vested rights because the Legislature may take away what it has given. *Lahti v Fosterling*, 357 Mich 578, 589; 99 NW2d 490 (1959). But the Court has also stated, " 'By the weight of authority, a statutory right of action for damage to person or property,

statute is remedial or procedural in character if 'it is designed to correct an existing oversight in the law or redress an existing grievance[.]' " *Id.* (citation omitted). While remedial or procedural statutes are generally held to operate retroactively, this does not hold true and the exception is inapplicable if the Legislature manifested an intent that the statute apply prospectively

---

which has accrued, is a vested right and likewise to be protected." *Minty v Bd of State Auditors*, 336 Mich 370, 391; 58 NW2d 106 (1953), quoting *Cusick v Feldpausch*, 259 Mich 349, 353-354; 243 NW 226 (1932). As the Supreme Court noted in *Wylie v Grand Rapids City Comm*, 293 Mich 571, 587; 292 NW 668 (1940), "Few questions have troubled the courts more than the problem of what are vested rights. What some courts have considered vested, others have considered inchoate." In *Doe, supra* at 61-62, this Court stated:

> In this case, plaintiffs claim a vested right in their cause of action under the PWDCRA [Persons With Disabilities Civil Rights Act, MCL 37.1101 *et seq.*]. A cause of action becomes a vested right when it accrues and all the facts become operative and known. Plaintiffs' cause of action accrued and all the facts became operative and known before the effective date of 1999 PA 201. Retroactive application of the amended definition of "public service" would impair plaintiffs' cause of action under the PWDCRA, because prisons would be excluded as places of public service prohibited from discriminating on the basis of disability.

Although here we are not speaking of a statutory cause of action, petitioner's claim and asserted right to benefits under MCL 38.24 was based on facts already in existence prior to the amendment, i.e., he had been employed by the state for more than ten years and he allegedly was permanently mentally or physically incapacitated for reasons unrelated to employment. Of course, he had to make an application and prove his case by way of a medical certification, but this is no different than a party in a civil suit filing the complaint and proving his or her case to the trier of fact. But again, assuming that petitioner did not have a vested right to benefits, our conclusion remains unaffected on the basis of legislative intent. We note that MCL 8.4a provides that the repeal of any statute or part of a statute "shall not have the effect to release or relinquish any . . . liability incurred under such statute . . . , unless the repealing act shall so expressly provide, and such statute and part thereof shall be treated as still remaining in force for the purpose of instituting . . . any proper action . . . for the enforcement of such . . . liability."

only. See *Franks, supra* at 672; *Garvie v Owens-Illinois Inc*, 167 Mich App 133, 139; 421 NW2d 602 (1988).

In a general sense, statutes of limitations are regarded as procedural in nature. *People v Russo*, 439 Mich 584, 595; 487 NW2d 698 (1992), citing *Lothian v Detroit*, 414 Mich 160, 166; 324 NW2d 9 (1982), and *Forest v Parmalee*, 402 Mich 348, 359; 262 NW2d 653 (1978). However, the Supreme Court has warned against using general characterizations in analyzing the exception to the presumption of prospective application, stating:

> Plaintiff relies on the so-called "exception" to the general rule of prospective application providing that "statutes which operate in furtherance of a remedy or mode of procedure and which neither create new rights nor destroy, enlarge, or diminish existing rights are generally held to operate retrospectively unless a contrary legislative intent is manifested." Plaintiff argues that the [statute] is remedial because no new cause of action is created. Instead, according to plaintiffs, the act merely supplements and furthers remedies otherwise available. However, we have rejected the notion that a statute significantly affecting a party's substantive rights should be applied retroactively merely because it can also be characterized in a sense as "remedial." In that regard, we agree with Chief Justice RILEY's plurality opinion in *White v General Motors Corp*, 431 Mich 387, 397; 429 NW2d 576 (1988), that the term "remedial" in this context should only be employed to describe legislation that does not affect substantive rights. Otherwise, "[t]he mere fact that a statute is characterized as 'remedial' . . . is of little value in statutory construction." Again, the question is one of legislative intent. [*Lynch, supra* at 584-585 (citations omitted; omission and alteration in original).]

In the context of the "procedural" exception, statutes of limitations, while generally coined as procedural, necessarily affect substantive rights where causes of

action can be lost entirely because the action is time-barred. This would explain why there exists a plethora of cases extending over 100 years of jurisprudence that provide that statutes of limitations enacted by the Legislature are to be applied prospectively absent a clear and unequivocal manifestation of a legislative preference for retroactive application. *In re DeBancourt's Estate*, 279 Mich 518, 529; 272 NW 891 (1937); *McKisson v Davenport*, 83 Mich 211, 215; 47 NW 100 (1890); *Harrison v Metz*, 17 Mich 377, 378-379 (1868); *Great Lakes Gas Transmission Co v State Treasurer*, 140 Mich App 635, 650-651; 364 NW2d 773 (1985); *Pryber v Marriott Corp*, 98 Mich App 50, 55; 296 NW2d 597 (1980), aff'd 411 Mich 887 (1981), citing *Davis Estate, supra* at 652, and 20 Michigan Law & Practice, Statute of Limitations, § 3, p 546 ("Statutes of limitations operate prospectively unless an intent to have the statute operate retrospectively clearly and unequivocally appears from the context of the statute itself."); *Int'l Business Machines Corp v Dep't of Treasury*, 75 Mich App 604, 612-614; 255 NW2d 702 (1977). In *Farris v Beecher*, 85 Mich App 208, 213-214; 270 NW2d 658 (1978), this Court, in determining that the statute at issue applied prospectively only because there was no indication that the Legislature intended otherwise, stated:

> However, were we to find MCL 600.5838; MSA 27A.5838 [statute of limitations], as amended, applicable to this case, clearly plaintiff's action would be barred. In order to resolve this question, what we must determine is whether or not this particular amended provision will operate prospectively only or reach back retroactively to affect plaintiff's suit. The Michigan Supreme Court has noted in prior decisions that statutes of limitation are to be construed to operate prospectively only unless their terms clearly indicate a contrary intent.

Therefore, with respect to statutes of limitations, despite the categorizing or characterization of such statutes as procedural in nature, the general remedial-procedural exception to prospective application has not been applied.[5] Because MCL 38.24, as amended, contains no clear and unequivocal manifestation suggesting that the Legislative intended retroactive application, and because, in the context of this issue, we see no meaningful difference between a standard statute of limitations and the one-year limitation period or deadline to apply for benefits, the case law cited above controls our inquiry and requires us to rule that MCL 38.24 and its one-year limitation period is to be applied prospectively only. Moreover, as discussed above, the language of the amended statute reflects an intent that it be applied prospectively only, and thus, even were we to assume that the procedural exception to prospective application encompasses statutes of limitations, the exception is inapplicable with respect to MCL 38.24 because the legislation conveys an intent directly contrary to retroactive application.[6]

The principle that statutes of limitations are to be applied prospectively parallels an accompanying well-

[5] This is reflected in *Rzadkowolski v Pefley*, 237 Mich App 405, 411; 603 NW2d 646 (1999), wherein this Court, after first acknowledging that statutes of limitations are procedural in nature, immediately proceeded to state that they "operate prospectively unless an intent to have the statute operate retrospectively clearly and unequivocally appears from the context of the statute itself."

[6] We reject respondent's reliance on *Ramsey v Michigan Underground Storage Tank Financial Assurance Policy Bd*, 210 Mich App 267; 533 NW2d 4 (1995). *Ramsey* is distinguishable because in that case the Legislature, according to the Court, was clear and unequivocal that it wanted the payment of funds for leaks associated with underground storage tanks limited to those cases where tank leaks or releases were discovered or reported after a certain date regardless of prior law. No such clear and unequivocal language exists in our case.

accepted principle that "[t]he pertinent statute of limitations is the one in effect when the plaintiff's cause of action arose." *Chase v Sabin*, 445 Mich 190, 192 n 2; 516 NW2d 60 (1994), citing *Winfrey v Farhat*, 382 Mich 380, 389-390; 170 NW2d 34 (1969); see also *Rzadkowolski v Pefley*, 237 Mich App 405, 411; 603 NW2d 646 (1999); *Casey v Henry Ford Health Sys*, 235 Mich App 449, 451 n 1; 597 NW2d 840 (1999); *Totzkay v DuBois (After Remand)*, 140 Mich App 374, 382; 364 NW2d 705 (1985); *Roberts v Golden*, 131 Mich App 615, 617; 345 NW2d 924 (1984). Here, as indicated earlier, we are not speaking directly of a cause of action, but of petitioner's right to nonduty disability retirement benefits under the applicable statutes. Under both versions of MCL 38.24, a member is entitled to those benefits where the member was a state employee for at least ten years, the member became totally incapacitated for duty as a result of reasons unrelated to performance of his or her duty, and where a medical advisor certifies that the member is mentally or physically totally incapacitated for further performance of duty and that the incapacitation is likely permanent. Just as the pertinent statute of limitations is the one in effect when a cause of action arose, the version of MCL 38.24 that should control petitioner's rights in this action is the preamendment version as it was in effect at the time petitioner had completed ten years of service, had allegedly become permanently mentally or physically incapacitated for duty for reasons unrelated to employment, and had ceased employment.

Outside the context of statutes of limitations, we find support for our position in *Pohutski* and *Tarnow, supra.* In *Pohutski, supra* at 678-679, our Supreme Court, overruling prior case law, held that a trespass-nuisance exception to governmental immunity does not exist in Michigan, but it limited the holding to prospective

application. *Pohutski* involved a suit for damages after raw sewage from Allen Park's sewer system backed up through floor drains and into basements as a result of heavy rains. In the context of the Court discussing whether its decision should be applied prospectively only, the Court referenced 2001 PA 222,[7] which was recently enacted at that time and which provided a remedy against governmental agencies for damages and injuries caused by a sewage disposal system event. *Id.* at 697-698. The Court, conducting an analysis to determine if the new legislation should be applied prospectively only, stated:

> 2001 PA 222 does not contain any language indicating it is meant to apply retroactively, but provides only that it is to take immediate effect. *Section 19(1) provides that a claimant is not entitled to compensation under the statute unless the claimant notifies the governmental agency of a claim of damage or physical injury, in writing, within forty-five days after the date the damage or physical injury was or should have been discovered.* Only two exceptions to the forty-five-day limit are available: if the claimant notified the contacting agency during the forty-five-day period or if the failure to comply resulted from the contacting agency's failure to comply with notice requirements. Given the absence of any language indicating retroactive effect, *the forty-five-day notice limit,* and the presumption that statutes operate prospectively, we conclude that 2001 PA 222 does not apply retroactively.

> Thus, if we applied our holding in this case retroactively, the plaintiffs in cases currently pending would not be afforded relief under [the rejected trespass-nuisance exception] or 2001 PA 222. *Rather, they would become a distinct class of litigants denied relief because of an unfortunate circumstance of timing.*

> Accordingly, this decision will be applied [prospectively] only . . . . [*Pohutski, supra* at 698-699 (emphasis added).]

---

[7] MCL 691.1416 *et seq.*

It is evident that the *Pohutski* Court found the legislation to be prospective only on the basis of the 45-day time frame in which parties had to notify governmental agencies of a sewage disposal system event, with which parties obviously could not comply as it was too late and previously unknown, as well as on the basis of the lack of any indication by the Legislature that the legislation was to be applied retroactively. Similarly, in the case at bar, petitioner could not comply with the one-year application deadline on or after its effective date, nor could any member whose employment had terminated a year or more before MCL 38.24 became effective. And there is no indication that the Legislature intended retroactive application; rather there is language suggesting prospective application only was intended by virtue of language speaking of future incapacitation. Petitioner, and others similarly situated, should not "become a distinct class of litigants denied relief because of an unfortunate circumstance of timing." *Pohutski, supra* at 699.

In *Tarnow, supra* at 562, the Court explained the situation confronting it:

> If the 1943 amendment is applicable, since plaintiff's application for further [workers'] compensation was not filed until 17 months after the expiration of the 500-week compensable period, and the amendment precludes the allowance of compensation for more than 1 year prior to the date of filing such application, plaintiff is barred from recovery because the 1 year retroactive period began 5 months after the expiration of the compensable period.

The Court noted that the law that controlled the payment of compensation was the one in effect at the time the right to compensation sprang into existence. *Id.* at 563. The Supreme Court then held:

The amendment here in question may not be regarded as wholly procedural in character, as defendant contends. Obviously its effect, if so applied under the facts before us in this case, would result in taking from the plaintiff a right which the statute, in force at the time of his injury, granted to him. There is nothing in the amendment in question here indicating that the legislature intended any such possible result. In other words, there is nothing to overcome the presumption that prospective operation only was intended. It seems obvious that the purpose of the amendment was to limit the amount of recovery in certain cases. Such result must follow in any instance where the statute in its present form is invoked to defeat recovery, partially or wholly, and is applicable. The amendment may not be regarded as relating merely to procedure, nor may it be classed as remedial legislation. Under the general rule followed by this Court in the cases above cited, it should not be given a retroactive effect in the instant case. [*Id.* at 565-566.]

Likewise, here, there should not be retroactive application because the Legislature has not indicated such an intent but an intent to the contrary, and petitioner's substantive rights to benefits under the act were denied for failing to comply with an application deadline that was not in effect at the time of his termination or alleged incapacitation.

Our view is also supported by general principles regarding statutory retroactivity enunciated by the United States Supreme Court in *Landgraf, supra.* The *Landgraf* Court stated:

As Justice Scalia has demonstrated, the presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic. Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted. [*Id.* at 265.]

Respondent's arguments ignore these basic principles. The Supreme Court emphasized that to give legislation retroactive effect, Congress is required to so indicate in the language of the statute in a manner that is " 'so clear and positive as to leave no room to doubt that such was the intention of the legislature.' " *Id.* at 272, quoting *Chew Heong v United States,* 112 US 536; 5 S Ct 225; 28 L Ed 770 (1884).[8] The Court declined to give retroactive effect to a section of the Civil Rights Act of 1991 because there was "no clear evidence of congressional intent that [it] . . . should apply to cases arising before its enactment . . . ." *Id.* at 286.

In sum, petitioner is not barred from seeking benefits because of a failure to comply with the one-year application deadline in MCL 38.24, as amended. On the basis of legislative intent, as gleaned from a fair reading of the statute, MCL 38.24 cannot be applied retroactively. Accordingly, we affirm the circuit court's ruling.

Affirmed.

---

[8] "[A] requirement that Congress first make its intention clear helps ensure that Congress itself has determined that the benefits of retroactivity outweigh the potential for disruption or unfairness." *Landgraf, supra* at 268. "The presumption against statutory retroactivity has consistently been explained by reference to the unfairness of imposing new burdens on persons after the fact." *Id.* at 270. Respondent's position runs directly contrary to this notion, where it places a burden on petitioner to timely file an application after the fact, in that the burden did not exist before the legislation became effective, and the effective date was more than a year after petitioner's termination.