*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

S. BAXTER JONES,

       Plaintiff-Appellant,

v

ESURANCE INSURANCE COMPANY,

       Defendant-Appellee.

UNPUBLISHED
February 25, 2021

No. 351772
Wayne Circuit Court
LC No. 19-007246-NF

Before: SWARTZLE, P.J., and MARKEY and TUKEL, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant. Plaintiff argues that the trial court erred when it granted defendant's motion for summary disposition based on the doctrine of res judicata, and argues that the case is not subject to the one-year-back rule set forth in MCL 500.3145. We affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

On August 8, 2005, plaintiff was involved in a motor-vehicle accident in Shelbyville, Kentucky. On July 25, 2007, he sued defendant in Kentucky, in Shelby Circuit Court. In 2013, while the Kentucky lawsuit remained pending, plaintiff filed a complaint in Michigan, in Wayne Circuit Court, seeking recovery for the same motor-vehicle accident. In 2014, the Wayne Circuit Court dismissed plaintiff's complaint under MCR 2.116(C)(6), which permits dismissal of a claim because "[a]nother action has been initiated between the same parties involving the same claim."

On December 17, 2013, plaintiff filed a motion in the Shelby Circuit Court, asserting that Michigan law applied to plaintiff's claims and requesting that the Kentucky court "transfer" the litigation to Michigan. On April 17, 2014, the Shelby Circuit Court held a hearing on plaintiff's motion. More than one year after the hearing on the motion (and after the Wayne Circuit Court dismissed the 2013 complaint filed there), the Shelby Circuit Court entered an order applying Michigan law to plaintiff's claims and purporting to "transfer" the case to Wayne Circuit Court. Among other provisions, the "transfer" order purported to toll the operation of the one-year-back

-1-

rule in Michigan by ordering that "all claims in the action shall be governed by and related back to the filing date in the Kentucky action; specifically, July 25, 2007."

In December 2015, the Wayne Circuit Court received the Kentucky court's "transfer" order. On May 1, 2017, defendant filed a motion for summary disposition, arguing that the Wayne Circuit Court's earlier order granting summary disposition in defendant's favor and dismissing the 2013 complaint barred plaintiff's claims in the subsequently "transferred" case, under the doctrine of res judicata. The Wayne Circuit Court granted defendant's motion, and plaintiff appealed to this Court.

In an unpublished decision, this Court vacated the trial court's grant of summary disposition in defendant's favor, based on its conclusion that plaintiff had "failed to properly invoke the trial court's jurisdiction by filing a complaint." *Jones v Esurance Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued October 25, 2018 (Docket No. 339410), p 1. "Because plaintiff did not file a proper complaint, he failed to invoke the circuit court's jurisdiction. Without jurisdiction, any order that the trial court entered was void." *Id*. at 8 (citations omitted). As this Court explained:

> We conclude that this case could not be "transferred" from a Kentucky state court to a Michigan state court, as there is no court rule or statute that would authorize this procedure. We further conclude that the 789-page Kentucky file, that was accepted by the trial court on December 4, 2015, could not constitute a "complaint" and, therefore, this case must be remanded to the trial court for further proceedings. [*Id.* at 3-4.]

This Court remanded the case to the Wayne Circuit Court "with instructions for the court to order plaintiff, within a reasonable time, to file a complaint that comports with the Michigan Court Rules." *Id*. at 7. This Court also stated: "If plaintiff seeks to toll the date of the complaint's filing, for instance by arguing that defendant agreed in Kentucky to consider the complaint as having been filed in Michigan at an earlier date, the trial court is directed to resolve those factual questions and make legal conclusions as necessary." *Id*.

On remand from this Court, plaintiff filed a new complaint in Wayne Circuit Court on May 16, 2019, and that complaint is the subject of the present appeal. Plaintiff also moved to transfer the case from Wayne Circuit Court to Washtenaw Circuit Court where a similar action was pending, but the Wayne Circuit Court denied plaintiff's motion. Thereafter, defendant once again moved for summary disposition, asserting that the Wayne Circuit Court's grant of summary disposition of plaintiff's 2013 complaint under MCR 2.116(C)(6) required dismissal of the claims alleged in plaintiff's newest complaint, under the doctrine of res judicata. Defendant also argued that the one-year-back rule applied to plaintiff's action, and that defendant's attorney in Kentucky did not waive defendant's right to assert this rule.

In response to defendant's motion, plaintiff argued that the doctrine of res judicata did not apply because the Wayne Circuit Court's dismissal of the 2013 case was not a decision on the merits. Furthermore, plaintiff argued that the one-year-back rule did not apply because plaintiff had claims within one year, and because the application of the one-year-back rule was tolled by agreement between the parties in Kentucky.

At the hearing on defendant's motion, the Wayne Circuit Court found as follows:

> With respect to the one-year-back rule, the outcome of the motion turns on Plaintiff's allegations that Defendant, explicitly, agreed to waive such a defense, if the matter was dismissed in Kentucky and refiled in this case.
>
> * * *
>
> [W]hile it is clear that Esurance did not oppose the motion [to transfer], that fact alone would not authorize the Kentucky Court to order that Esurance waive statute of limitations defenses, if the that [sic] matter is refiled in Michigan. Rather, such authority would arise if, and only if, Esurance explicitly agreed to waive such a defense.
>
> Plaintiff of course alleges that Esurance, specifically, agreed to such a waiver, and even alleged that it did so in writing. The writing at issue, however, is merely the Kentucky Court's order transferring the case from Michigan and indicating that it must be treated as have [sic] been filed in 2006. And while the signature of Esurance's attorney appears on that document, this . . . in no way suggests that the attorney, in fact, agreed to the provision. Rather, the signature reflects only the fact that the attorney agreed that the order correctly or accurately reflects the judge's ruling.
>
> Plaintiff also claims that Esurance's attorney agreed to the waiver elsewhere during the proceedings, making reference to transcripts of certain proceedings. Plaintiff does not, however, provide any specific citations in these transcripts, nor does he . . . cite the specific statements on which the claim is based.
>
> In this context, the Court finds no basis for concluding that Esurance ever waived the statute of limitations defense. Rather, at most Esurance simply did not oppose the motion that Plaintiff filed. If so, then Esurance did not waive the statute of limitations defense.
>
> In light of the foregoing, the Court agrees that Esurance is entitled to invoke the one-year-back rule.

In addition to those findings regarding the one-year-back rule, the Wayne Circuit Court reiterated its prior ruling regarding the doctrine of res judicata. Based on these findings and conclusions, the Wayne Circuit Court granted defendant's motion and dismissed the lawsuit. This appeal followed.

## II. ANALYSIS

### A. RES JUDICATA

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Dell v Citizens Ins Co of America*, 312 Mich App 734, 739; 880 NW2d 280 (2015). In addition,

the applicability of the doctrine of res judicata is a question of law that we review de novo. *Allen Park Retirees Ass'n, Inc v Allen Park*, 329 Mich App 430, 443; 942 NW2d 618 (2019).

Although defendant moved for summary disposition under MCR 2.116(C)(7), MCR 2.116(C)(8), and MCR 2.116(C)(10), the Wayne Circuit Court did not specify which rule it applied to defendant's motion, as it related to the issue of res judicata. "[W]here a court's opinion does not invoke the proper court rule supporting its ruling, we may look to the substance of the holding to determine which rule governs." *Williamstown Twp v Hudson*, 311 Mich App 276, 288; 874 NW2d 419 (2015). A motion for dismissal based on the doctrine of res judicata is decided under MCR 2.116(C)(7) (claim barred as a matter of law). *Garrett v Washington*, 314 Mich App 436, 439-440; 886 NW2d 762 (2016).

When deciding a motion under MCR 2.116(C)(7), the trial court must accept all well-pleaded allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. *Hutchinson v Ingham Co Health Dep't*, 328 Mich App 108, 123; 935 NW2d 612 (2019). The trial court must consider any evidence submitted to determine whether a genuine issue of material fact exists. *Id*. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court; if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. *Id*.

In the Wayne Circuit Court and in this Court, defendant asserted that plaintiff's complaint was barred by the doctrine of res judicata because the trial court had dismissed plaintiff's 2013 complaint under MCR 2.116(C)(6). The Wayne Circuit Court agreed and dismissed plaintiff's newest lawsuit on that ground. We conclude that the Wayne Circuit Court erred when it determined that the doctrine of res judicata barred plaintiff's claims based on the earlier grant of summary disposition under MCR 2.116(C)(6).

"The purpose of the doctrine of res judicata is to prevent multiple suits litigating the same cause of action." *King v Munro*, 329 Mich App 594, 600; 944 NW2d 198 (2019). "Under the doctrine of res judicata, a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Id*. at 600-601 (cleaned up). "The doctrine bars a second, subsequent action when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Id*. at 601 (cleaned up). "The burden of proving the applicability of the doctrine of res judicata is on the party asserting it." *Garrett*, 314 Mich App at 441 (cleaned up).

We conclude that the doctrine of res judicata does not apply here. Defendant cites no authority for the proposition that the Wayne Circuit Court's dismissal of plaintiff's complaint under MCR 2.116(C)(6) was an adjudication on the merits of the claims raised. Instead, defendant argues that because the Wayne Circuit Court's 2014 order was an order granting summary disposition, it was a dismissal on the merits. This argument is unpersuasive in the context of the present case.

The Wayne Circuit Court dismissed plaintiff's 2013 complaint, stating:

Here, the action in Kentucky was initiated prior to the instant action, and is currently pending. Moreover, notwithstanding Plaintiff's assertion to the contrary, the Kentucky action involves the same parties and the same cause of action, as well as the same facts, allegations of wrongdoing, request for relief, and legal issues. Under the circumstances, the Court finds that summary disposition is proper under MCR 2.116(C)(6).

The Wayne Circuit Court did not address, let alone decide, the merits of plaintiff's claims. Instead, it dismissed them because of the then-pending action in Kentucky. While this order may have been on "on the merits" with respect to the sole question addressed by the trial court—whether another action had been initiated between the same parties involving the same claim in Kentucky— that is no longer a controlling question (or even a question) in the present case. It is uncontested that there is no longer a separate lawsuit involving these parties and these claims in Kentucky, and it is uncontested that the merits of plaintiff's claims have not been resolved by a court in a prior proceeding. Accordingly, the doctrine of res judicata does not apply to the Wayne Circuit Court's dismissal of the 2013 lawsuit, and the Wayne Circuit Court erred when it concluded that plaintiff's newest lawsuit was barred under that doctrine.

## B. TOLLING

Plaintiff next argues that the parties agreed to toll the one-year-back rule when the case was "transferred" from Kentucky to Michigan, and that the Wayne Circuit Court erred in ruling otherwise. This argument is without merit.

A prior panel of this Court directed the Wayne Circuit Court to make factual findings and legal conclusions on remand. *Jones*, unpub op at 7. The Wayne Circuit Court did so. As set forth earlier, the trial court found, as a factual matter, that defendant's counsel in Kentucky did not agree to toll or waive the one-year-back rule in Kentucky. "This Court reviews a trial court's findings of fact for clear error." *Kuhlgert v Mich State Univ*, 328 Mich App 357, 368; 937 NW2d 716 (2019). "A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made." *Berryman v Mackey*, 327 Mich App 711, 717-718; 935 NW2d 94 (2019). Based on our review of the record in this case, we cannot say that the trial court's factual conclusions on this point were clearly erroneous.

## C. ONE-YEAR-BACK RULE

The Wayne Circuit Court also ruled, as a matter of law, that plaintiff's newest lawsuit is subject to the one-year-back rule, and plaintiff challenges that ruling on appeal.

Under MCL 500.3145, a "claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." "The one-year-back rule is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 202; 815 NW2d 412 (2012).

Plaintiff argues that the 2019 amendment to MCL 500.3145, which added a statutory tolling provision to the one-year-back rule, prevents application of the rule in this case because

"[i]n this matter the Defendant has not issued denials for any of the benefits for almost the last decade." Generally, an issue must be raised, addressed, and decided in the trial court to be preserved for appellate review. *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014). Because plaintiff did not raise this argument in the Wayne Circuit Court, plaintiff has waived review of the issue on appeal. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008).

Even if we were to consider plaintiff's argument, we would conclude that it is without merit. The 2019 amendment to MCL 500.3145 added a tolling provision to the one-year-back rule wherein the "period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies the claim." MCL 500.3145(3). As defendant correctly asserts, however, this amendment does not have retrospective application.

"Statutes and statutory amendments are presumed to operate prospectively." *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 155; 725 NW2d 56 (2006). "Indeed, statutes and amended statutes are to be applied prospectively unless the Legislature manifests an intent to the contrary." *Id*. "The Legislature's expression of an intent to have a statute apply retroactively must be clear, direct, and unequivocal as appears from the context of the statute itself." *Id*. at 155-156. And as relates more specifically to this case, "[t]he principle that statutes of limitations are to be applied prospectively parallels an accompanying well-accepted principle that the pertinent statute of limitations is the one in effect when the plaintiff's cause of action arose." *Id*. at 162-163 (cleaned up).

It is clear from the text of MCL 500.3145 that the Legislature did not intend the tolling provision of subsection (3) to have retroactive effect. This is evidenced by the lack of any "expression of intent," let alone an expression that is "clear, direct, and unequivocal," that the Legislature intended the tolling provision to be applied retroactively. See *Davis*, 272 Mich App at 155-156. Plaintiff filed his lawsuit against defendant on May 16, 2019, before the amendment was effective. Thus, the tolling provision does not apply to plaintiff's complaint.

## D. MOTION TO TRANSFER

Finally, we address plaintiff's motion to transfer the case from Wayne Circuit Court to Washtenaw Circuit Court.[1] This Court reviews for clear error a trial court's decision to grant or deny a motion to change venue. *Hills & Dales Gen Hosp v Pantig*, 295 Mich App 14, 19; 812 NW2d 793 (2011). "Clear error exists when some evidence supports the circuit court's finding, but a review of the entire record leaves this Court with the definite and firm conviction that the circuit court made a mistake." *Id*.

In his complaint, plaintiff alleges he "is a resident of the County of Wayne, State of Michigan." Plaintiff also alleges defendant "conducts a regular and systematic part of its business in the County of Wayne, State of Michigan." And he alleges he "has treating medical providers

---

[1] We note that plaintiff failed to provide this Court with the Wayne Circuit Court's order denying his motion to transfer or the transcript of the hearing regarding that motion.

in the County of Wayne, State of Michigan." Under MCL 600.1621(a), venue was proper in Wayne County because it is a county "in which a defendant resides, has a place of business, or conducts business, or in which the registered office of a defendant corporation is located." Thus, we conclude the Wayne Circuit Court did not clearly err when it denied plaintiff's motion to transfer this case to Washtenaw Circuit Court.

## III. CONCLUSION

We reverse the trial court's ruling dismissing plaintiff's action based on the doctrine of res judicata. We affirm the trial court's ruling that the one-year-back rule of MCL 500.3145 applies to plaintiff's action and affirm its denial of plaintiff's motion to transfer this case to Washtenaw Circuit Court. We remand for further proceedings. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Jonathan Tukel