*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTOPHER LEE CHERRY,

        Plaintiff-Appellant,

v

PROGRESSIVE MARATHON INSURANCE
COMPANY,

        Defendant-Appellee.

UNPUBLISHED
June 16, 2022

No. 357722
Wayne Circuit Court
LC No. 20-007437-NF

Before: LETICA, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

In this case arising under the no-fault act, MCL 500.3101 *et seq*., plaintiff appeals as of right the order granting summary disposition under MCR 2.116(C)(7) and (10) to defendant, Progressive Marathon Insurance Company. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff was injured in an automobile accident on January 29, 2014. At the time of the accident, plaintiff's wife had an insurance policy with defendant. Plaintiff sought coverage from defendant for personal injury protection (PIP) benefits but the claim was denied. Specifically, defendant claimed that "material misrepresentations" were made at the time of the application for insurance. Ultimately, on July 13, 2016, plaintiff and defendant entered into a settlement agreement in which defendant paid plaintiff a sum of money in exchange for a release.[1]

Between April 4, 2017, and April 24, 2018, plaintiff received treatment from Dr. Lucia J. Zamorano for injuries allegedly related to the accident. Dr. Zamorano submitted invoices to defendant for her treatment of plaintiff. In response, defendant sent Dr. Zamorano a number of

---

[1] The parties do not submit that the terms of the release have any application to this appeal, and therefore, we do not address it.

"explanation of benefits" letters ("EOBs") indicating the coverage amount was "$0.00." These EOBs also stated: "We have completed our investigation, which reveals that the policy was not in force for the above referenced accident. Therefore, payment for this service is denied."[2]

On June 12, 2020, plaintiff filed this litigation, claiming defendant breached its statutory duty to provide plaintiff with PIP coverage for his accident-related injuries. Defendant moved for summary disposition, contending plaintiff's suit was untimely under the preamendment and postamendment versions of MCL 500.3145 of the no-fault act. In response, plaintiff submitted that he never received a "formal denial" of the claim; accordingly, the claim was timely under the tolling provision of the postamendment version of the no-fault act. The trial court granted summary disposition, concluding that the EOBs constituted a formal denial, and therefore, plaintiff's suit was untimely because the tolling provision did not apply. The trial court also denied plaintiff's motion for reconsideration. This appeal followed.

## II. STANDARDS OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021). Summary disposition is appropriate pursuant to MCR 2.116(C)(10) where there is "no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10).[3] When reviewing a motion for summary disposition challenged under MCR 2.116(C)(10), the court considers the affidavits, pleadings, depositions, admissions, and other admissible documentary evidence then filed in the action or submitted by the parties in the light most favorable to the nonmoving party. MCR 2.116(G)(4), (G)(5); *Buhl v City of Oak Park*, 507 Mich 236, 242; 968 NW2d 348 (2021). We review the trial court's decision on a motion for reconsideration for an abuse of discretion. *St John Macomb Oakland Hosp v State Farm Mut Auto Ins Co*, 318 Mich App 256, 261; 896 NW2d 85 (2016). The trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id*.

Issues involving statutory interpretation present questions of law that are reviewed de novo. *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 495; 948 NW2d 452 (2019).

> The primary goal of statutory interpretation is to give effect to the intent of the Legislature. The most reliable evidence of legislative intent is the plain language of the statute. If the language of the statute is clear and unambiguous, it is presumed that the Legislature intended the meaning plainly expressed in the statute. The court's interpretation of a statute must give effect to every word, phrase, and clause. Further, an interpretation that would render any part of the statute surplusage or

---

[2] Specifically, the EOBs identified the explanation code "6676," and on page two of the EOBs, the text of the explanation code advised that the policy was no longer in effect, and therefore, the payment was denied.

[3] Because the parties presented and the trial court considered documentary evidence outside the pleadings, we treat the motion as having been granted under MCR 2.116(C)(10). See *Mino v Clio Sch Dist*, 255 Mich App 60, 63 n 2; 661 NW2d 586 (2000).

nugatory must be avoided. Common words and phrases are given their plain meaning as determined by the context in which the words are used, and a dictionary may be consulted to ascertain the meaning of an undefined word or phrase. In construing a legislative enactment we are not at liberty to choose a construction that implements any rational purpose but, rather, must choose the construction which implements the legislative purpose perceived from the language and the context in which it is used. [*Id*. at 495-496 (citations and quotations omitted).]

"Statutes are presumed to apply prospectively unless the Legislature clearly manifests the intent for retroactive application." *Buhl*, 507 Mich at 244; see also *George v Allstate Ins Co*, 329 Mich App 448, 451 n 3; 942 NW2d 628 (2019).

Indeed, statutes and amended statutes are to be applied prospectively unless the Legislature manifests an intent to the contrary . . . . The Legislature's expression of an intent to have a statute apply retroactively must be clear, direct, and unequivocal as appears from the context of the statute itself. [*Davis v State Employees' Retirement Bd*, 272 Mich App 151, 155-156; 725 NW2d 56 (2006) (citations omitted).]

### III. ANALYSIS

Plaintiff contends the trial court erred in granting defendant's motion for summary disposition because the trial court misinterpreted MCL 500.3145(3) of the postamendment version of the no-fault act, which includes a tolling provision. Specifically, he submits that the trial court failed to apply the tolling provision of MCL 500.3145(3), 2019 PA 21, which became effective on June 11, 2019, before plaintiff filed his complaint on June 12, 2020. We disagree. Because MCL 500.3145(3) contains no clear language indicating an intent to apply the amendment retroactively, plaintiff's challenge is without merit.

As noted, effective June 11, 2019, MCL 500.3145 was amended to state:

(1) An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

(2) Subject to subsection (3), if the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

(3) A period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies

the claim.  This subsection does not apply if the person claiming the benefits fails to pursue the claim with reasonable diligence.[4]

> (4) The notice of injury required by subsection (1) may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits for the injury, or by someone in the person's behalf.  The notice must give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place, and nature of the person's injury.

> (5) An action for recovery of property protection insurance benefits may not be commenced later than 1 year after the accident.

In the amended version of MCL 500.3145, the Legislature did not include language expressing its "clear, direct, and unequivocal" intent to apply this statute retroactively.  *Davis*, 272 Mich App at 156.  Accordingly, the preamendment version of the no-fault act applies to the issues in this case.  *Id*.[5]

The preamendment version of MCL 500.3145(1) did not contain a tolling provision and provided in pertinent part:

> (1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.  If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred.  However, the

---

[4] Plaintiff also submitted that the EOBs did not constitute a formal denial because they merely provided that the paid amount was "$0.00" and they were not addressed to plaintiff.  However, the EOBs referenced the denial code of "6676" which reflected that an investigation occurred, it revealed that no policy was in force for the accident, and therefore, payment for the service was denied.  The plain language of the statute does not require that the denial of the claim be sent to both the claimant and the insured.  *Le Gassick*, 330 Mich App at 495-496.  Plaintiff's submission of an affidavit that he did not receive a denial of his doctor's claim does not save his cause of action.  The duty to interpret and apply the law applies to the courts, not the witnesses.  See *Hottmann v Hottmann*, 226 Mich App 171, 179-180; 572 NW2d 259 (1997).

[5] Although not expressly stated, the trial court implied that it construed the postamendment version of MCL 500.3145 by stating that "no tolling" of the claims made to defendant occurred.  Nonetheless, this Court will affirm an order where the trial court reaches the correct result, even for the wrong reason.  See *Varela v Spanski*, 329 Mich App 58, 81; 941 NW2d 60 (2019).

claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

In moving for summary disposition, defendant asserted that plaintiff failed to show the action "commenced at any time within 1 year after the most recent allowable expense . . . has been incurred." To substantiate this argument, defendant presented the EOBs showing plaintiff's most recent expense occurred on January 11, 2018.[6] Thus, under the plain language of MCL 500.3145(1), plaintiff should have brought suit by January 11, 2019, one year from the most recent expense. Because plaintiff filed suit on June 12, 2020, the claim was untimely under the statute.

Affirmed.

/s/ Anica Letica
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan

---

[6] Plaintiff did not present documentary evidence of later services provided to place services within the coverage period set forth in the preamendment version of MCL 500.3145(1).