*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EDWIN SCOTT and ERIKA RUSH,

        Plaintiffs-Appellants,

v

COUNTY OF OAKLAND,

        Defendant-Appellee,

and

KEVIN J. MYERS,

        Defendant.

UNPUBLISHED
November 21, 2023

No. 364140
Oakland Circuit Court
LC No. 2019-178754-NI

Before: MURRAY, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

In this case brought under the no-fault act, MCL 500.3101 *et seq.*, plaintiffs, Edwin Scott ("Scott") and Erika Rush ("Rush"), appeal as of right the trial court's order granting summary disposition in favor of defendant, County of Oakland ("Oakland County"), under MCR 2.116(C)(10).[1] We affirm the trial court's order regarding Scott's claim, reverse the trial court's order regarding Rush's claim, and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a November 28, 2017 traffic collision at the intersection of Going Street and Ferry Avenue in Pontiac between plaintiffs and defendant, Kevin J. Myers. Myers, an Oakland County Sheriff's Deputy, was responding to an emergency call when he ran a stop sign

---

[1] Defendant Kevin J. Myers is not a party to this appeal.

and collided with plaintiffs' vehicle. Plaintiffs denied any injuries at the scene, but each later sought treatment for accident-related injuries.

Plaintiffs later filed a complaint, bringing a single claim of negligence against Oakland County, alleging that it was liable for Myers's negligent operation of the vehicle. Oakland County moved for summary disposition under MCR 2.116(C)(7) (governmental immunity), MCR 2.116(C)(8) (failure to state a claim), and MCR 2.116(C)(10) (no question of material fact). The trial court denied summary disposition as to Oakland County's claim of governmental immunity, but granted summary disposition under MCR 2.116(C)(10)[2] because plaintiffs failed to show a threshold injury for recovery under the no-fault act. This appeal followed.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The trial court granted summary disposition pursuant to MCR 2.116(C)(10), which tests the factual sufficiency of a claim. *El-Khalil*, 504 Mich at 160. A party is entitled to summary disposition under MCR 2.116(C)(10) when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). When deciding a motion brought under MCR 2.116(C)(10), a court must consider the "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties" in the light most favorable to the nonmoving party. *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018).

Under the burden-shifting framework of this court rule:

[T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Quinto*, 451 Mich at 362-363.]

## III. LAW AND ANALYSIS

Plaintiffs argue that the trial court erred when it granted summary disposition in favor of Oakland County because plaintiffs sufficiently demonstrated the accident was the cause of their injuries. We disagree that the trial court erred when it granted summary disposition in favor of

---

[2] The trial court did not address the motion for summary disposition under MCR 2.116(C)(8).

Oakland County on Scott's claim, but we agree that the trial court erred when it granted summary disposition in favor of Oakland County on Rush's claim.

## A. FOUNDATIONAL LAW

The no-fault act[3] limits a potential plaintiff's ability to recover noneconomic damages in tort. *McCormick v Carrier*, 487 Mich 180, 189; 795 NW2d 517 (2010). To recover in tort, a plaintiff must show that he or she has suffered a "threshold" injury designated by statute. *Id*. at 189-190. A plaintiff may recover if he or she "suffered death, serious impairment of body function, or permanent serious disfigurement." MCL 500.3135(1), as amended by 2019 PA 21 and 2019 PA 22. Here, the question is whether plaintiffs suffered a serious impairment of body function. A serious impairment of body function is "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." MCL 500.3135(5), as amended by 2019 PA 21 and 2019 PA 22.

The trial court granted summary dismissal because it concluded that neither plaintiff demonstrated their injuries were objectively manifested. Under former MCL 500.3135(5), the impairment, not the underlying injury, must be objectively manifested. *Patrick v Turkelson*, 322 Mich App 595, 606; 913 NW2d 369 (2018). "Although mere subjective complaints of pain and suffering are insufficient to show impairment, evidence of a physical basis for that pain and suffering may be introduced to show that the impairment is objectively manifested." *Id*. at 607. Medical testimony is generally, but not necessarily, required to show an impairment. *McCormick*, 487 Mich at 198.

## B. SCOTT'S CLAIMS

Oakland County moved for summary disposition of Scott's claims, in part, because Scott failed to show an objectively-manifested injury arising from the accident. In support of this assertion, Oakland County attached Scott's medical documentation showing that any impairments Scott experienced after the accident was derived from his chronic, degenerative conditions. On this basis, the burden then shifted to Scott to present evidence that the injuries were related. *Quinto*, 451 Mich at 362-363.

In response to the motion for summary disposition, Scott presented some evidence of his impairments. But Scott's evidence did not demonstrate any connection between his impairments and the car accident. Thus, Scott failed to meet his burden as the nonmoving party and the trial court did not err in granting summary disposition under subsection (C)(10).

Scott also briefly mentions in his brief on appeal that he suffered shoulder pain caused by the accident. But, Scott fails to offer any argument explaining why the trial court erred when it denied his claim with respect to his apparent shoulder injury. Therefore, any argument regarding

---

[3] In 2019, the Legislature enacted substantial changes to the no-fault act. 2019 PA 21 and 2019 PA 22. The cause of action in this case arose in 2017. Because statutes are presumed to operate prospectively, *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 155; 725 NW2d 56 (2006), this case is governed by the earlier version of the no-fault act.

Scott's shoulder injury is abandoned on appeal. *MOSES Inc v SEMCOG*, 270 Mich App 401, 417; 716 NW2d 278 (2006) ("If a party fails to adequately brief a position, or support a claim with authority, it is abandoned.").

## C.  RUSH'S CLAIMS

Oakland County also moved for summary disposition of Rush's claims, arguing Rush did not suffer from any objectively-manifested injuries.  In support of this assertion, Oakland County presented Rush's medical documentation from several of Rush's treating physicians, some of whom opined that Rush did not suffer any injuries as a result of the accident.  Others reported that Rush's accident-related injuries were mild and should have resolved soon after the accident. Rush's response to the motion for summary disposition included some medical documentation showing Rush may have suffered accident-related injuries, including a traumatic brain injury ("TBI").

Again, when presented with a (C)(10) motion for summary disposition, a court must view the evidence in a light most favorable to the nonmoving party.  *Johnson*, 502 Mich at 761. Although there was plenty of evidence in this case suggesting Rush suffered no accident-related injuries, there was *some* evidence of the contrary; specifically, the documentation of Rush's possible TBI.  But the trial court impermissibly weighed the medical documentation in Oakland County's favor, concluding there was no genuine question of fact whether Rush suffered any injuries arising from the accident.  The trial court should have viewed the evidence of accident-related injuries in Rush's favor and denied summary disposition.  Because it failed to do so, the trial court erred when it granted summary disposition in favor of Oakland County on Rush's claim.

Affirmed in part, reversed in part, and remanded for further proceedings.  We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Sima G. Patel

-4-